## Commissioners Campbell County Courthouse District v. List, etc.

(Decided December 18, 1914.)

### Appeal from Campbell Circuit Court.

1. Counties—Commissioners for (Campbell County) Court House District—Powers of.—The "Commissioners for the Court House District" in Campbell County only possess such authority as is conferred upon them by the several Acts of the Legislature creating the district, providing for their appointment and defining their powers and duties. Authority given the Commissioners by these Acts to maintain the Newport Court House, the several offices therein, pay the salaries of the officers occupying same, and, for such purposes, to annually levy and collect a tax of six cents on each hundred dollars' worth of property in the Court House District, does not give them authority to contract for the making of cross indexes to deeds and other instruments with respect to titles to real estate, that are recorded in the Newport office of the Clerk of the Campbell County Court, or to pay for such work out of the revenue they annually collect by taxation.

2. Deeds—Cross Index to Deeds and Other Evidences of Real Estate Titles Recorded in Newport Clerk's Office—Who May Contract for and How Paid.—Authority to cause to be made cross indexes

of deeds and other evidences of real estate titles recorded in the Newport Office of the County Clerk of Campbell County, is expressly conferred by an Act of the Legislature, approved April 22nd, 1884 (Acts 1883-84) upon the County Court of Campbell County and the Justices of the Peace residing in the "Court House District" of Campbell County, or such of them as may attend, "after being duly summoned." The work of cross indexing to be let to the lowest bidder after due advertisement. The act further provides that after the work shall have been done and accepted by the court, as thus constituted, the cost shall be paid by the Commissioners of the Court House District "out of any surplus annual funds in their hands as Commissioners." But if the Commissioners of the Court House District fail or refuse to pay therefor, the County Court and Justices of the Court House District shall have the power to levy and collect a tax on the real property of the Court House District sufficient for the purpose.

KELLY & REGENSTEIN for appellants.

L. J. CRAWFORD for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Campbell Circuit Court whereby appellants' special demurrer to the petition was overruled and apellees' general demurrer to the answer sustained and an injunction granted to prevent the appellants, commissioners of the Campbell county courthouse district, from entering into a contract to renew and further index the records relating to real estate in the county clerk's office in the city of Newport.

Alexandria is the county seat of Campbell county and Newport, a city of the second class, is also situated in that county. The county is a separate judicial district having a circuit court of continuous session, a part of such sessions being held at Alexandria, the county seat, and a part of them in the city of Newport. There is but one clerk of the Campbell County Court, and by an act of the General Assembly, approved February 23, 1863, he maintains an office in the city of Newport as well as at Alexandria, the county seat, and is required to record at his office in the city of Newport, in suitable books procured for that purpose, all recordable instruments affecting real estate within a certain district which includes that city and the contiguous surrounding territory.

By an act of the General Assembly approved February 26, 1863, the county judge of Campbell county, in

addition to the county courts then held at Alexandria, the county seat, was required to hold annual monthly terms of the Campbell County Court in the city of Newport. (Acts 1861-62-63, page 495.)

In the year 1882 the General Assembly enacted a law laying off and designating by boundary, including the city of Newport, certain territory of Campbell county, which, it was declared, should constitute a separate district, to be styled the "Courthouse District" Acts 1181-82, Vol. 2, page 569), and providing for the appointment of three commissioners designated by the act as "Commissioners for the Courthouse District," these commissioners to be appointed by the circuit court. The act gave the commissioners the power to construct a courthouse in Newport at a cost of $50,000.00 and to levy a tax, not exceeding twelve cents on the $100.00 of the property of the district, to pay the interest on and redeem the bonds issued and sold for the purpose of erecting the courthouse. The courthouse was thereafter erected. Out of this tax the commissioners were also authorized to pay the cost of maintaining the courthouse, including the salaries of the county judge and county attorney "as pro ratal in the proportion that said district bears to the whole county." The act likewise provided that "all deeds, mortgages and leases, and conveyances for the sale, transfer, pledge or lease of property within said district, shall be recorded in the city of Newport, and for all property outside of said district said deeds, mortgages, leases and conveyances shall be recorded at Alexandria."

By an act of the General Assembly approved March 13, 1886, entitled "An Act to amend an Act to authorize the construction and maintenance of a courthouse in Newport in Campbell county, and to increase the powers and duties of the commissioners of said district," the commissioners were given control of the courthouse and grounds belonging thereto, were required to cause the courthouse and jury rooms therein to be properly lighted, warmed and kept clean for the holding of the several circuit and county courts; also the office rooms of the circuit and county clerks, master commissioner and sheriff; to cause the dial of the clock in the tower of the courthouse to be illuminated at night; to appoint a janitor of the courthouse, and the necessary expenses of maintaining the courthouse were to be paid by the commis-

sioners out of the tax they were empowered by the act of 1882 to levy and collect.

By a further act of the General Assembly of March 15, 1898 (Acts 1898, page 129), the commssioners of the courthouse district, in making the levy of the tax referred to, were limited to a rate not exceeding six cents on the $100.00 of property in the district, and section 2 of the act provides:

"That all of said acts which provide for the Commissioners paying any part of the county expenses, or paying anything more than the bonds and interest coupons thereon, issued to build the court house and the expense of maintaining the courthouse and the courts and officers therein, be and the same is now repealed; and said commissioners shall continue to levy and collect the tax provided for in said act for said purposes, and none other."

The present action was instituted by the appellees, William List and C. W. Nagel, residents and taxpayers of the city of Newport, against the appellants, Phil J. Veith, George Lindsey and F. A. Stein, "Commissioners for the Courthouse District," in Campbell county, Kentucky, for the purpose of enjoining them from entering into a contract to expend $16,000.00, or any other amount of money, raised and to be raised by taxes levied upon the property of appellees and all other taxpayers of the courthouse district, for the purpose of having made cross indexes and abstracts of all deeds, and mortgages relating to real estate, and wills disposing of real estate, situated in the district and recorded therein in the office of the clerk of the county court at Newport; it being alleged that the work contemplated would include the making of plats of each lot or parcel of land in the district and of each city block, so that the history and title of each lot or parcel of land will be shown upon the cross indexes to be made; that the doing of the acts and work contemplated by the contract would result in an unnecessary expenditure of money; that the commissioners were and are without power to levy or collect taxes, or expend same, for the purpose of making cross index or indexes of deeds or other recorded instruments manifesting title to real estate in the district; and that their power with respect to the expenditure of the taxes collected by them is limited to the expense of maintaining the courthouse, courts held therein and the officers thereof. Furthermore, that all the records now in

the courthouse are provided with cross indexes which were made under an act of the General Assembly of Kentucky entitled, ''An Act providing for making indexes of deeds and mortgages in the clerk's office at Alexandria and Newport, in Campbell,'' approved April 22, 1884, and which since that date have been continued and kept up by the county clerk of the county.

The answer of the appellants traversed so much of the petition as alleged that the work of cross indexing contemplated by them was or would be an unnecessary expenditure of the taxes received or collected by them, or that their power to levy and collect taxes is limited to such amount or amounts as are required to maintain the courthouse, the courts and officers thereof. The answer also denies that the records now in the Newport courthouse are provided with cross indexes, or that the county clerk has kept up any cross indexes since April 28, 1884; also denies that it is the purpose of the commissioners to abstract or plat, as alleged in the petition or otherwise, records relating to lots or parcels of land lying within the territory of the courthouse district. In paragraph 2 of the answer it is alleged, in substance, that the few books containing the indexes and cross indexes of recorded deeds and other recorded instruments in the district in question, were made in 1884 and have not since been kept up; that these books of indexes are now old, worn, dilapidated and no longer fit for the purposes for which they were intended; and that this condition makes it imperatively necessary that some action be taken by appellants looking to the continuation and bringing down to the present time of such indexes and cross indexes as will make the tracing and ascertaining of title to real estate within the district possible; that after due advertisement appellants have received bids from various persons willing to undertake the work of making the required indexes and cross indexes, and the lowest of these bids was $14,000.00. That this bid they will, if not enjoined from so doing, accept, as for that amount the bidder will perform and complete within two years, the work of indexing and cross indexing required to make easy of ascertainment the titles to all the real estate in the territory constituting the courthouse district. Paragraph 2 of the answer further alleges that the work of indexing and cross indexing necessary to be performed will be reasonably worth the sum of $14,000.00, and the person proposing to do it for that price will be

required to execute bond with approved security for the faithful performance of the work, and it can be paid for by appellants out of any surplus funds in their hands as commissioners of the courthouse district, raised from the collection of taxes at the rate of six cents on each $100.00 of taxable property in the district, that may be unexpended at the time the work is to be paid for under the contract; and that these taxes they are authorized to levy, collect and so expend, under authority conferred by the acts of the legislature mentioned in the petition.

Appellants' first contention is that the circuit court erred in overruling their special demurrer to the petition. The special demurrer was filed upon the theory that the petition shows a defect of parties, the defect consisting in the failure of the appellees to make the "Courthouse District," as such, a party defendant. This contention must be overruled. The act of April 17, 1882 (Acts 1881-82, Vol. 2, page 569), which constitutes the courthouse district and provides for the appointment of the commissioners therefor, declares:

"Said commissioners are hereby constituted a body corporate and politic, under the name and style of the 'Commissioners for the Courthouse District;' and as such shall have perpetual succession; may contract and be contracted with; may sue and be sued, and may plead and be impleaded in the courts of this Commonwealth."

It is patent from this language that the courthouse district, created by the act in question, cannot as such, sue or be sued, but suits affecting it must be brought for it by the "Commissioners for the Courthouse District," as plaintiffs and suits against it must, as in this case, be brought against the "Commissioners for the Courthouse District" as defendants, the name of each commissioner being set forth as a defendant to enable the court to know that the proper persons are sued and the sheriff to know upon whom to serve the summons. There was no defect of parties; therefore, the special demurrer was properly overruled.

Appellants further complain that the court erred in sustaining appellees' general demurrer to their answer. The general demurrer goes to the insufficiency of the defense interposed by the answer and raises the question of want of authority or power in the commissioners to expend the money of the district, raised by taxing the property of its citizens, for such an object; and this is the principal question presented for our decision. It

may be conceded that the work of indexing or cross indexing contemplated by appellants is necessary, but the question of necessity is not material if they have not the power to contract, or expend the money, for having it done. We do not, however, agree with appellees' counsel that section 513, Kentucky Statutes, imposes upon the county clerk the duty to make such cross indexes as are needed in his Newport office, nor do we agree with appellants' counsel that they derive the power to have the cross indexing done, from the several special acts concerning the courthouse district in Campbell county, referred to in their answer. including that of March 15, 1898, for none of them confers such power, and section 2 of the act of March 15, 1898, expressly repeals all provisions of the previous acts concerning the district, that authorizes the commissioners for the district to pay any part of the county expenses or for "anything more than the bonds and interest coupons thereon, issued to build the courthouse, *and the expense of maintaining the courthouse and the courts and officers therein,*" and only permits them to levy and collect the tax provided for in the act, for those purposes and none other.

We might be inclined to hold that the power claimed by appellants is implied from the authority given them by the act of 1898 to pay the expense of maintaining the courthouse and the courts and officers "therein," but for the fact that authority to have such cross indexing done seems to have been lodged by the legislature in other hands. This appears from an act entitled, "An Act providing for making indexes of deeds and mortgages in the clerk's offices at Newport and Alexandria in Campbell county," approved April 22, 1884. (Acts 1883-84, page 295.) Section 1 of the act provides:

"That the county court of Campbell county shall have authority to cause to be made such new cross indexes as may be found necessary of all deeds and mortgages in the county clerk's offices at Newport, in said county, and such indexes shall remain in and be for use in said office."

Section 2 confers upon the county court authority to make such new cross indexes of deeds recorded in the county clerk's office at Alexandria, the county seat, contained in deed books from A to Z, inclusive, as may be found necessary to be made. Section 3 provides:

"For the purpose of determining the necessity for making such new cross indexes at the clerk's office at

Newport, the justices of the peace residing in the court-house district in said county, or such of them as may attend, after being duly summoned, shall form a part of said court.''

Section 4 provides that the necessity for making such new cross indexes at the clerk's office at Alexandria shall be determined by the justices of the peace residing south of said courthouse district in said county (i. e. outside of the courthouse district). Section 5 provides that the court at either Newport or Alexandria, upon being satisfied of the necessity of making such new indexes, in whole or in part as the case may be, shall, in a newspaper published in Campbell county or a newspaper of general circulation, and in such other manner as the court shall deem proper, advertise for sealed bids to perform the work, which shall be let by the court to the lowest and best bidder; the court to have the right to reject any and all bids. But upon the acceptance of a bid the court shall take good and sufficient bond with security for the faithful performance of the work to be done. ''After the said work shall have been done according to the contract, and received by said court, the cost of making said indexes of the deeds and mortgages in the office at Newport shall be paid for by the courthouse commissioners in said county (i. e. Commissioners of the Courthouse District), out of any surplus annual funds in their hands as commissioners. And the cost of making the new cross indexes of deeds, from book A to Z, inclusive, in the office at Alexandria, shall be paid out of the county levy from that part of Campbell county south (outside) of the courthouse district. The court of claims, the justices, or such of them as may be present, residing in the part of said county south of said courthouse district, sitting with the county judge, shall have power to levy and collect, in the same manner as the county levy is now made and collected, such additional amount on the real property in said district (outside of the courthouse district), as may be necessary to pay for the indexes made for the office at Alexandria.''

Section 6 provides:

``Upon the refusal or failure of the said courthouse commissioners to pay the amount necessary for the making of said indexes for the office at Newport, said county court, composed of the county judge and a majority of the justices of said courthouse district, sitting at Newport, shall have power to levy and cause to be collected

a tax on the real property in said district subject to tax for general revenue purposes, sufficient to pay for making said indexes and costs of collection, and no more.''

It is manifest that appellants are without power to contract for the cross indexes contemplated by the action taken by them. The act of April 22, 1884, mentioned, gives such power to the county court of Campbell county, composed of the county judge and the *justices of the peace residing in the courthouse district of Campbell county, or such of them as may attend the court, after being duly summoned.* The power or jurisdiction thus conferred upon the county judge, and justices of the peace residing in the courthouse district, both as to determining the necessity for the making of the cross indexes in the courthouse district and the matter of contracting for the doing of the work, is exclusive and complete. Neither the commissioners for the courthouse district nor the justices of the peace of Campbell county outside of the courthouse district have any right or authority to participate in any action that may be taken by the county court and justices of the peace residing in the courthouse district, either in determining the necessity for making cross indexes in the county clerk's Newport office, or in having the work done. Indeed, the only connection that the act in question allows the commissioners for the courthouse district to have with the indexing or cross indexing that may be required in the Newport office of the county clerk, is to pay the cost of making such indexes out of any surplus annual funds in their hands as commissioners; and it is provided by section 6 of the act that, if the commissioners of the courthouse district refuse or fail to pay the amount necessary for the making of indexes for the county clerk's office at Newport, then the county court, composed of the county judge and a majority of the justices of the courthouse district, sitting at Newport, shall have power to levy and cause to be collected a tax on the real property in the district subject to taxation for general revenue purposes, sufficient to pay for making such indexes and cost of collection.

We have not been advised, nor have we been able to find, that the act of April 22, 1884, has been repealed or amended, therefore its provisions are in full force and necessarily conclusive of this case. This being true, it follows that the circuit court did not err in sustaining the demurrer to appellants' answer or in rendering judg-

ment enjoining appellants from proceeding further in the attempt to contract for the indexing and cross indexing of deeds, mortgages and other instruments conveying or disposing of titles to real estate recorded in the Newport office of the Campbell county court clerk.

Wherefore, the judgment is affirmed.