## Craig, Mayor, et al. v. Kenton County, et al.

(Decided December 6, 1918.)

### Appeal from Kenton Circuit Court.

1. Counties—Office of County Officer.—A town which is not the county seat cannot be required to pay for the furnishing of the office of a county officer, in said town, in the absence of a statute requiring it to do so.

2. Counties—Fiscal Courts—Furnishing Office of County Officer.— The fiscal court of a county is a body of limited jurisdiction; it has no power except that conferred on it by law; and it cannot, in the absence of a statute requiring it to do so, be required

to furnish the office of a county officer in a town which is not the county seat.

A. E. STRICKLETT for appellants.

E. J. TRACEY for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

This case presents this question: Shall the city of Covington, or Kenton county, pay for the equipment of the county tax commissioner's office in Covington?

Chapter 11 of the Acts of 1918, approved March 16th of that year, abolished the office of county assessor and provided in lieu thereof a county tax commissioner, prescribed his duties and qualifications, and the duties of the taxpayers in relation thereto. Acts 1918, p. 31; Carroll's Ky. Sts., 1918 Supplement, sec. 4042a. The seventh section of that act reads as follows:

"The fiscal court of each county, or whatever body shall take over the powers of the fiscal court in any county, shall provide for the county tax commissioner a suitable office room or rooms, when possible in the county court house, or when that is not possible, in some other building, together with suitable furniture, in which office shall be safely kept the books, maps, taxpayers' list, papers and all other records pertaining to the assessment of property within that county, except when such books or records are required by law to be placed in the custody of other officers. The provisions of section 1197 of Carroll's Statutes, edition 1915, are hereby extended to cover these public records."

Independence, a small town about ten miles from Covington, is the county seat of Kenton county; but since 1850 circuit and county courts have also been held in Covington, the principal city in the county, under special acts of the legislature.

From the agreed statement of facts it appears that the office now used by the tax commissioner in the city hall in Covington has been furnished and equipped with desks, tables, chairs and vaults, and other furniture, by the city of Covington, at a cost of about $400.00; but that the city did not furnish filing cabinets which, it is agreed, will be necessary for the maintenance of the office, and will cost about $500.00; that the county tax commissioner does not maintain an office in the court house at Inde-

pendence, the county seat of Kenton county, and that no part of the business of the county tax commissioner is transacted there.

The fiscal court of Kenton county requested the city of Covington to furnish filing cabinets for the safe keeping of the records of the county tax commissioner, and upon its refusal to do so, this action was instituted by the county and Joseph W. Pugh, the county tax commissioner, against John J. Craig, the mayor, and the board of commissioners of the city of Covington, seeking a mandamus to compel them to buy the necessary filing cabinets.

The circuit court granted the relief prayed for, and the board of commissioners and the city of Covington appeal.

The several acts of the legislature authorizing certain portions of the county business to be transacted in Covington, were recited by this court in its opinion in City of Covington v. Kenton County, 26 Ky. L. R. 677, 82 S. W. 392, as follows:

"All the courts were held at Independence, the county seat, from the establishment of the county until the year 1850. By the act of February 21, 1850, three terms a year of the Kenton circuit court were required to be held in the city of Covington, when the city council of Covington provided a court room, a clerk's office and jail, and the judge upon personal inspection was satisfied therewith. By the act of December 20, 1851, the presiding judge of the Kenton county court, in addition to the terms held at Independence, was required to hold four terms a year in the city of Covington.

"By the act of February 13, 1858, it was provided that the judge of the Kenton county court should annually hold twelve terms in the city of Covington, to be held at the court house there, at certain times. It was also provided that the county court should keep a distinct docket at Covington, and that the clerk should keep an office there at such place as the city might provide, in which office he should keep the records of the county court. It was further provided that every process should be returned at Covington.

"By the act of February 2, 1858, offenders charged with violating the law, when the offense was committed in Covington, should be committed to the Covington jail; and, by the act of February 16, 1860, the county

clerk was required to record in the office at Covington, deeds, mortgages, etc., of real estate situated within a certain part of the county.''

Another act, approved March 10th, 1886, provided that all expenses and costs of every kind and character growing out of the county or municipal government, and which were then or theretofore had been payable out of the county levy, and which originated in the city of Covington, should be paid by that city; and all expenses of every character and kind which originated in the county of Kenton outside of the city of Covington, should not be paid by the city of Covington, provided, however, that of the allowance to the county officers for services rendered as such for the county of Kenton, the city of Covington should pay only its proportionate part.

For many years the city of Covington was not regarded as a part of Kenton county for county governmental purposes; but in Richardson v. Boske, 111 Ky. 893, it was held that taxpayers within the city of Covington were liable for the proportionate share of the county expenses common to both the city and the county, and that the fiscal court must provide for their payment, by a levy on all property in the county, both inside and outside of the city of Covington.

Pursuant to the act of February 21, 1850, above referred to, the city of Covington provided for the holding of circuit and county courts at Covington, furnished all the offices incident to the holding of the courts in that city, such as office rooms for the circuit court clerk, county court clerk, sheriff, and jailer. But in none of the several acts under which the city has been furnishing offices for county officials, was the county assessor, now the county tax commissioner, referred to; and it is apparent that his office was not one that was incident to the holding of either court. The city therefore contends, that under the several acts requiring it to pay the expenses of the county government when performed in the city, it is liable only for such services and accommodations as are performed by or furnished to the offices which are incident to the holding of the courts at Covington, and that this liability does not include any expense incident to the office of the county assessor or his successor, the present tax commissioner. An this position is undoubtedly sound, unless it is required by some statute to bear that expense.

In support, however, of the ruling of the circuit court, appellees rely upon City of Covington v. Kenton County, *supra,* as an adjudication of the question here presented.

That was an agreed case, and in its opinion the court stated the question submitted for the court's decision, as follows:

"Is the city of Covington required to provide and maintain suitable offices for the use of the county judge, county clerk, county jailer, sheriff, assessor, and other county officials, without expense to the county of Kenton; or, conversely stated, is Kenton county liable to the city of Covington for rent of offices provided for its officials by the city of Covington, within said city?"

The agreed facts, as set out in the opinion, show that the third floor of the city hall, owned by the city of Covington, had for two years been used and occupied as a circuit court room and the county offices above mentioned; that $6,000.00 per annum was a reasonable rental therefor, but that the county had paid the city no rent thereon. The agreed facts further set out the several legislative acts of 1850, 1851, 1858, 1860 and 1886 providing for the holding of courts in Covington, and the claim of the city that the county was liable thereunder for the rent claimed. As a basis of its claim the city asserted that these old acts imposing these liabilities upon it had been repealed by the acts of 1891-2-3 (Ky. Sts., secs. 1833 to 1885), and that it was entitled to rent from the county for the offices which it had provided for its officials. After reciting the legislation as above quoted, the court denied the claim of the city, saying:

"The people of Covington desired the court held in the city, and to secure this were willing to furnish the court room and necessary offices so as to avoid objection by Kenton county to the additional expense that would have been entailed on it, if it had been required to furnish two sets of public buildings. It was also provided that certain cost of conducting courts there should be paid by the city so as to impose no additional burden in this regard on Kenton county. Taking all the acts together, we think they necessarily meant that the county court was to be held at the courthouse in Covington; that the courthouse and jail were to be furnished by the city and that the offices necessary for the county officials to per-

form the duties required of them were also to be furnished by the city."

It must not, however, be overlooked that while the agreed statement of facts refers to the offices maintained by the city for the use of the county court judge, county court cerk, jailer, sheriff, "assessor, and other county officials," and that the opinion, evidently following the agreed statement of facts, but putting no stress upon that feature of the agreement, makes the general statement that the city was liable for the use of "offices necessary for county officials." But an examination of the several legislative acts bearing upon the subject fails to reveal any reference therein to the office of county assessor; on the contrary, they all relate only to the offices of the county court, circuit court, county court clerk, jailer and the sheriff. Indeed, the opinion states that "the city filed an ordinary action against the county alleging that it had furnished *the circuit court room and the offices connected therewith* for two years; that the third floor was occupied by *the circuit court room and the other offices referred to,*" &c. Furthermore, the opinion shows that the court's attention was primarily directed to the proposition that the old legislative acts requiring the city to pay these expenses had been repealed, and that the liability for these expenses had been transferred from the city to the county by the new statute. No distinction was drawn between the city's duty to furnish offices for one county official and not for others, because the city denied its obligation to furnish offices for any county official. And, while the statement of agreed facts names the assessor, the opinion of the court nowhere included that official in its discussion. On the contrary, the context clearly shows that the court had in mind only the question of the "cost of conducting courts" in Covington, and "the offices connected therewith"—"pursuant to these enactments."

The county's contention, therefore, that the opinion in City of Covington v. Kenton County, *supra*, holds that the city of Covington is liable for any part of the equipment of the office of the county assessor, is not supported by the opinion, or the facts of the case. And, there being no statute imposing this liability upon the city, it cannot be required to pay it.

Neither can the county be required to pay for this equipment. This precise question was decided in City

of Covington v. Kenton County, *supra,* where the court said:

"The salaries of the county officers, the expense of keeping the roads in order or providing for the poor or of holding elections and all these things which are to be provided for by the fiscal court at the expense of the county, may properly come out of the treasury. But the fiscal court is a body of limited jurisdiction. It has no power except that conferred on it by law. It is only authorized to secure a sufficient jail and a comfortable place for holding court at the county seat. There is no authority for the fiscal court to spend the money of the county for these purposes at any point other than the county seat, and we have been unable to find any provision or statute authorizing it to pay rent for such buildings at any other point than the county seat."

See also Commissioners Campbell County Courthouse District v. List, 161 Ky. 681.

The county might, under the present law, be required to equip the tax commissioner's office at Independence, but not at Covington. The result is that neither appellant nor appellee is under any duty to equip that office in Covington.

Judgment reversed and action remanded with instructions to enter a judgment in accordance with this opinion.