CASE 54.—ACTION BY SARAH SHELBY SHALLCROSS
AGAINST HARRY M. SHALLCROSS.—November 19,
1909.

## Shallcross v. Shallcross

Appeal from Jefferson Circuit Court · (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

From an order modifying a divorce decree as to the custody of the children defendant appeals.—Affirmed.

1.   Divorce—Custody of Children—Judgment—Modification—
Statutes.—Ky. St. 1909, Sec. 2123, provides that the court
in divorce proceedings, may make an order for the care,
custody, and maintainance of minor children, and at any time
afterward, on the petition of either parent, may revise the
same, having, in all cases, the welfare of the chidren prin-
cipally in view. Held, that such section did not deprive the
court, after granting a divorce decree, from modifying the
same after the term, on its own motion, in so far as it grant-
ed the father the right to visit a child, the custody of which
was granted to the wife, nor to limit such action to a case
instituted for that purpose by petition of either parent.

2.   Divorce—Custody of Children.—Where a child of divorced par-
ents has reached years of discretion, its wishes as to its cus-
tody will be considered, but are not controlling.

3.   Divorce—Custody of Children—Rights of Parents.—On the
granting of a divorce, the custody of very young children
will generally be awarded to the mother.

4.   Divorce—Custody of Children—Modification of Decree.—
While the circuit court should not modify a divorce decree in
so far as it affected the custody of children, without notice
to the parents, a divorced husband, having applied for a rule
on his divorced wife to show cause why she did not comply
with the decree in so far as it granted the husband a right
to have visits from his child, could not object to a modifica-

Shallcross v. Shallcross.

tion of the decree denying him the right to further visits because he was not served with a written notice of an application to modify the decree.

5.  Divorce—Custody of Children—Visitation.——Where a father, by reason of inebriety and profligacy, was not a proper person to associate with his infant son, the court properly modified a prior divorce decree granting the father the right to visit his son and have him with him under certain circumstances, by withdrawing such right of visitation; benefit to the child being the chief concern.

GIBSON, MARSHALL & GIBSON for appellant.

## THE LAW OF THE CASE.

### ACCESS TO CHILD BY PARENT DEPRIVED OF CUSTODY.

1.  As to the right of a husband who drinks to excess, becoming quarrelsome and abusive at times, to see his children:  Hoskins v. Hoskins, 28 Ky. Law Rep., 435.

2.  As to the right of a mother addicted to the use of opium and who is unfit to have the custody of the child: Finley v. Finley, 8 Ky. Law. Rep. 605.

3.  As to right of parent deprived of custody to see child, although divorce was granted for his habitual drunkenness:  Bates v. Bates, 166 Ill., 448.

4.  Access should be granted to the guilty party:  Oliver v. Oliver, 151 Mass., 349; McGown v. McGown, 22 Misc. Repts. (N. Y. Supreme Ct. Special T. 307.) Bailey v. Bailey, 17 Ore, 114.

R. A. McDOWELL and CHAS. H. SHIELD attorneys for appellee.

## AUTHORITIES CITED.

1.  Court of Appeals will not review question of contempt or no contempt.   Brown v. Brown, 96 Ky. 505; Johnston v. Commonwealth, 1 Bibb., 598; Watson v. Thomas, Litt. Selected Cases (16 Ky.) 248; Bickley v. Commonwealth, 2 J. J. Mar (25 Ky.) 572; Turner v. Commonwealth, 2 Metc. (59 Ky.) 619; Urton v. Downey, 3 Ky. Law Rep. (abstract) 592.

2.  Paramount duty of the Court is to look to the interest and welfare of the infant children regardless of wishes of either or both parents.   Adams v. Adams, 62 Ky. 169; Masterson v. Masterson, 24 Ky. Law Rep., 1352; Fletcher v. Fletcher, 21 Ky. Law Rep., 1304; Hoskins v. Hoskins, 28 Ky. Law Rep. 435; McBride v. McBride, 1 Bush 15; Irwin v. Irwin, 105 Ky. 641; Crabtree v. Crabtree, 27 Ky. Law Rep., 435; 2 Bishop on Marriage & Divorce, Sec. 1161-2.

3. Power of the Court to control the custody and control of children. Bristow v. Bristow, 21 Ky. Law Rep., 585; Conrad v. Conrad, 23 Ky. Law Rep., 1066.

Opinion of the Court by Judge Settle—Affirming.

On April 29, 1907, the appellee, Sarah Shelby Shallcross, was, by a judgment of the Jefferson circuit court, chancery branch, second division, divorced from her husband, the appellant, Harry M. Shallcross, and given the custody of their son and only child, Vernon Lewis Shallcross, an infant of tender years.

The judgment in question is as follows: "This action having been heard and submitted upon the plaintiff's petition and defendant's answer herein and upon the proof, and the court being advised, it is adjudged that the plaintiff, Sarah Shelby Shallcross, be and she is hereby divorced from the bonds of matrimony with Harry Mason Shallcross, and it is further adjudged that the said plaintiff is given the custody and control of her son, Vernon Lewis Shallcross, and it is further adjudged that the defendant, Harry Mason Shallcross, shall have the privilege of seeing his child at such reasonable times as will not interfere with the education of the child and that he shall have the privilege of having the child with him at least two days during each month during school season, and shall have the privilege of having the child with him during vacation for periods ranging from one to two weeks at a time such periods of visit to his father to be, however, at such times as shall be mutually agreed on between the plaintiff and the said defendant, and will not in any wise interfere with the health or welfare of the said

child.  It is further adjudged that the final custody of said child, in case of the death of Sarah Shelby Shallcross during the minority of said child, shall not now be determined, but left open, and this action is reserved for such proceedings as may then be had. It is further adjudged that the defendant shall be charged with the reasonable and proper clothing and education of such child, and that the question of alimony to his wife be reserved for future determination, and this action is reserved for said purpose. It is further considered and adjudged by the court that each party shall restore to the other such property not disposed of at the commencement of this action as either may have obtained, directly, or indirectly from or through the other, during marriage in consideration or by reason thereof.''

It does not appear from the foregoing judgment, or any subsequent order found in the record before us, that the case was ever stricken from the court's docket.  At any rate on June 30, 1909, the same court on motion of the appellant, Harry M. Shallcross, based on his affidavit then filed, granted and issued a rule against appellee, Sarah Shelby Shallcross, returnable July 5, 1909, requiring her to show cause, if she had any, why she should not comply with the judgment of April 29, 1907, by permitting him to see and be with their infant son as provided therein. In the affidavit for the rule appellant stated that the appellee had not, since November 26, 1908, permitted him to see his son, Vernon Lewis Shallcross, and had repeatedly refused him the right to do so, or to have the child with him at any time, and had announced that she did not intend, in the future to permit appellant to see or have him in custody.

Appellee, on the day the rule was returnable, filed a response thereto, in which it was admitted that she had refused appellant the privilege of seeing or having their child, and had announced her purpose to persist in such refusal as charged in appellant's affidavit for the rule, but stated, in substance, that she was constrained to so act because of the drunken and debauched habits and life of appellant from the excessive use of whisky and cigarettes; many instances being given of intoxication and boisterous and other unseemly conduct on his part in hotels, saloons, and other public places in the city of Louisville, some of which occurred when appellant had his son with him. It was further in substance, stated in the response that appellant constantly kept whiskey in his apartments, which he regularly drank in excessive quantities in the presence of his son, when the latter would visit him; and by indulging the whims of the child, and otherwise improperly influencing him, appellant attempted to wean his affection from appellee and make him disobedient to her; that the intemperance, profligacy, and evil example of. appellant, manifested as stated, were well calculated to corrupt the mind and morals and ruin the life of the child, and that to avert such a catastrophe appellee believed it her duty to prevent further association between the father and son, for which reason alone she had for some time as complained by appellant refused his requests to have the child visit him as he had been accustomed to.

Appellant by a pleading entitled an answer controverted all the affirmative statements of the response. Thereupon the court heard all the evidence introduced by the parties and thereafter rendered the

following judgment: "The court being sufficiently advised, it is considered and adjudged that said response of the plaintiff is sufficient, and the rule awarded against her is hereby discharged at defendant's costs. It is further considered and adjudged that by the original judgment the plaintff is given the custody and control of the child, Vernon Shallcross, and the defendant is not entitled thereby to any custody or control over said child, and the plaintiff's motion is therefore unnecessary and overruled. The court on its own motion sets aside as much of the provision in said judgment as gives the defendant the privilege of seeing his child at his home, and it is hereby ordered that the plaintiff shall send the child to the home of Henry T. Shanks at No. 619 Floral Terrace, in the city of Louisville, at 2 o'clock, p. m. on the 1st and 3d Saturday afternoons of each month, to remain until 6 o'clock of said day, where the defendant may visit and see said child according to the opinion filed herein. Such visits, however, not to interfere with the welfare, health, and education of said child. Exceptions reserved to both parties, appeal to the Court of Appeals granted to the defendant, and a cross-appeal granted to the plaintiff." Being dissatisfied with the judgment appellant prosecutes this appeal.

His able counsel earnestly insists that the judgment complained of is but a modification of the first judgment, rendered in the action for divorce at a previous term, and that the court was without jurisdiction, and had not the power, upon mere motion, to modify or vacate the former judgment after the expiration of the term at which it was rendered. Section 2123, Ky. St. (Carroll Edition 1909), provides: "Pending an application for divorce, or on final judgment, the court may make orders for the

care, custody and maintenance of the minor children of the parties, or children of unsound mind, or any of them, and at any time afterward, upon the petition of either parent, revise and alter the same, having in all such cases of care and custody the interest and welfare of the children principally in view; but no such order for maintenance of children or allotment of favor of the wife shall divest either party of the fee-simple title of real estate.''

It is not denied by counsel that the court rendering such a judgment as that referred to can modify or vacate it, after the expiration of the term at which it was rendered, but contended that, in order to enable it to do so, the power to that end must be reserved in the judgment itself, or its exercise invoked by the petition of a parent of the child to be affected. In all cases respecting the custody of a child the welfare of the child is the governing principle with the courts. The right of the father to have the custody of his child is, in its general sense, admitted, but, this is not on account of any absolute right of the father, but for the benefit of the infant; the law presuming it to be for its interest to be under the care of its natural protector, both for maintenance and education.

Neither the father nor mother, however, has any right that can be allowed to seriously militate against the welfare of the child. If the father be unfit to have the custody of his child, the courts will promptly declare his rights forfeited. The same is true of the mother, and neither parent is entitled to the custody, if it is manifestly against the child's welfare. In such a case the custody of the child will be awarded to a third person. If the child has reached years of discretion, its wishes will be considered, but will

not always control. As between the parents, the tendency of the courts is to give very young children to the mother, especially in cases of divorce. Our meaning has been admirably expressed by Judge Robertson in the opinion in Adams v. Adams, 1 Duv. 167, as follows: "The welfare of infancy, involving that also of the commonwealth, defines the sphere of parental duties and rights, and these preferred rights and duties are correlative. The character and destiny of the citizen are molded by the domestic tutelage of the nursling. Therefore, whenever the parents are separated by divorce, although prima facie the abstract right and duty of the father are superior to those of the mother, yet the court dissolving the union should confide the care and custody of their infant child to the parent most trustworthy and capable, and if neither of them shall be worthy of such a delicate and eventful trust, the interest of the child and the public may authorize the transfer of the custody to a stranger."

In this state courts of equity are given practically exclusive jurisdiction over the persons and property of infants, and the jurisdiction attaches from the very fact of the institution of an action or proceeding affecting the person or property of an infant, and at once makes him a ward of the court. When such jurisdiction is invoked in the infant's behalf, there are few, if any, inflexible rules of procedure. Even section 2123, Ky. Stat., which gives to the parent of an infant the right to apply by petition to a court of equity for the vacation or modification of a judgment with respect to the custody of the infant, rendered at a previous term, should not be so interpreted as to exclude any other remedy or course

of procedure allowed under the rules of chancery, or that might be invoked or followed in a court of equity for such relief, unless the language of the statute sufficiently indicates that such was the legislative intent. On the contrary, it should, if such a meaning can reasonably be given its language, be construed as intended to add to the jurisdiction and power already possessed by courts of equity, or as affording an additional remedy to either divorced parent. At any rate, we are unwilling to hold that the statute, supra, ties, or was ever intended to tie, the chancellor's hands until a parent acts in the matter. Besides, the language of the statute itself recognizes and emphasizes the paramount duty of the court, which is to look to the child's welfare regardless of both parents, or, to quote from the statute, "having in all such cases of care and custody the interest and welfare of the children in view."

Exercise of the power possessed by a court of equity with respect to the custody of an infant in such a case is not therefore dependent upon action upon the part of either of the divorced parents, or upon a reservation in the judgment of authority to subsequently change or modify it. The court need not have waited for either parent to take the initiative, but possessed the power to modify, upon its own motion, the previous judgment as to the custody of the infant, upon the state of facts appearing in the response and established by the proof. We do not mean to say that the circuit court should at any time enter a judgment, or change one rendered at a previous term, as to the custody of a child without notice to the parents. In this case, however, both had notice.

It does not lie in the mouth of appellant to complain that he was not served with a written notice of the proceedings resulting in the modification of the original judgment as to the custody of his son; for he instituted the proceeding by taking the rule against appellee, and thereby gave cause and opportunity for the filing of her response, the statements of which, together with the evidence introduced to support them, convinced the court of the necessity for modifying the first judgment to the extent that would prevent appellant from having the custody of his son at all.  In this view of the matter we think appellant is estopped to complain of the want of previous formal notice of the action of the court in modifying the judgment, and likewise estopped to complain that the modification resulted without the filing of a petition therefor by appellee or himself.

We deem it unnecessary to discuss in detail the evidence upon which the circuit court acted in modifying the judgment as to the custody of the child, but we think it was sufficient to show that appellant is unfit to have the custody, even temporarily, of his son.

The circuit court did what it could and was authorized to do to protect the child.  Wherefore the judgment is affirmed.