## Campbell v. Campbell.

(Decided June 12, 1925.)

## Appeal from Knox Circuit Court.

1. **Divorce—Reawarding Custody of Son to Mother, with Direction as to His Education, Held Sound Exercise of Discretion.**—Reawarding custody of son of 14 years to mother for summer, and further directing that he be placed in school in fall and that custody should then be in principal of school, held sound exercise of discretion.

2. **Divorce—Award of Back Installments for Support of Son Held Erroneous.**—Where wife was awarded $10.00 per month for support of son, but never supported him and his support was kept up by husband and boy's paternal grandfather, supplemental judgment allowing recovery of back installments was erroneous.

3. **Divorce—Supplemental Judgment Reawarding Occupancy of House to Wife Held Unauthorized.**—Where original judgment awarded permanent alimony, and award of occupancy, and benefit of house temporarily was to give her a home for herself and child, but she never occupied it, and maintenance of child had been taken care of, supplemental judgment continuing her right to house was unauthorized.

4. **Divorce—Award of $30.00 Per Month for Maintenance of Boy of 14 Years Held Authorized.**—Award of $30.00 per month for maintenance of boy of 14 years, with provision for adjustment of allowance to take care of his tuition and board while in school, held authorized.

5. **Divorce—Husband Asking Discontinuance of Allowance for Support of Son Cannot Complain of Increase of Allowance on Court's Own Motion.**—Where husband started supplemental proceedings and brought to court's attention question of discontinuance of allowance for support of minor son, he cannot complain that court on its own motion granted increased allowance.

HIRAM H. OWENS for appellant.

R. N. JARVIS and JAMES S. GOLDEN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing in part and affirming in part.

On September 16, 1921, appellee was given judgment for divorce against the appellant. In this judgment she was awarded $1,500.00 cash as permanent alimony, together with her costs and counsel fees, and was further adjudged to have the right "for the present" to the use, benefit and occupancy of a certain house and household

furniture belonging to the appellant, the said use and occupancy to be ''for the benefit of'' the appellee and infant child of the parties, Kenneth Campbell, whose custody was also awarded to appellee, and she was further awarded ''as maintenance for the said child while in her custody'' the sum of $10.00 per month. It appears that at the time this judgment was entered, appellee was in a hospital at Knoxville, Tennessee; but prior to leaving for Knoxville, she had made arrangements for the care of this son who at that time was about twelve years old, and had also made arrangements for his schooling in Union College at Barbourville during the following winter. His paternal grandfather, however, later took over these school arrangements and paid the bills therefor. After appellee got out of the hospital she returned to Knox county for a short visit and then went back to Knoxville for the purpose of taking a business course, and this required her presence in that city until the following summer. The boy entered Union College in the fall of the year but just after the Christmas holidays he was taken from school to Florida by his grandfather. The latter says that the boy was sick at that time, but we are not impressed with this explanation as the boy seems to have had only a passing cold. The grandfather kept the boy with him in Florida and possibly in Arkansas until the following fall, at which time he entered him in the Kentucky Military Institute. The boy's mother, in the meantime having finished her business course, took a position as stenographer under Congressman Robsion, which necessitated her going to Washington, where she remained with the exception of a few visits until these proceedings in the spring of 1923, from which this appeal is prosecuted. The appellant, the father of the boy, was a traveling man and was seldom at home. When there, he lived with his father. He was an only child, and his boy an only grandchild. The boy did not remain at the Kentucky Military Institute beyond the Christmas holidays of 1922, and his grandfather again took him out of school to Florida. With the exception of these two short periods in Union College and the K. M. I., the boy seems to have had no schooling since the judgment of divorce was entered. The grandfather was exceedingly indulgent to his grandchild, furnishing him, although not yet fourteen years of age, with a Ford automobile, paying for its upkeep, and giving the boy not less than $5.00 a week spending money.

It appears that the boy at the time of these proceedings in April, 1923, had become quite proficient in the ability to curse and even while these subsequent proceedings were pending got into some trouble with the neighbor boys while escorting a young lady home, which trouble so angered this youth that he used considerable efforts to procure for himself a gun. The record impresses us with the idea that it was high time that something was being done to control this young man to the end that he might learn the discipline of life in order that he be fitted for the duties of manhood. During these two years, appellee raised no question about the grandfather having the control of the boy, and with the exception of a few nickels and dimes which she gave her son from time to time she spent nothing for him. She says, however, that she was protesting all along about the boy being kept out of school and was earnestly insisting that his grandfather cease spoiling him. In April, 1923, appellant moved the lower court to modify the judgment hereinbefore referred to by vesting in him the legal custody of the boy, by discontinuing the award of $10.00 a month for his maintenance and by restoring to him the possession of the house and furniture awarded appellee in that judgment. Appellee made a counter motion in which she asked that this residence and these household goods be given to her for life. During these two years since the judgment had been rendered appellee had not lived in this house. For a portion of the time it had been vacant and the rest of the time she has rented it out. After a full hearing, the court entered a supplemental judgment re-awarding the custody of the boy to appellee for the summer of 1923, during which time he ordered the boy, then well passed fourteen years of age, to seek employment, keep himself employed, and to report to the court from time to time concerning his actions. He further adjudged that in the fall of that year the boy should be placed in a school, the name of which does not appear in this record, and that thereafter the custody of the boy should be in the principal of that school. Although the parents and grandparent were given the right to visit and see the child, they were prohibited from interfering with or obstructing the attendance of the boy at the school. The court also awarded appellee the sum of $30.00 a month thereafter for the maintenance of the boy, with the provision that when he started in the school in the fall, this allowance should

be adjusted in order to take care of his tuition and board, and he required the appellee to keep a full itemized account of her expenditures of this allowance and to make a report concerning the same to the court from time to time. He further adjudged the appellee the right to continue in the occupancy of the house with the power of leasing the same. The household furniture was divided between the parties, and appellee was given a judgment for the accrued installments of $10.00 a month allowed in the original judgment, none of which had ever been paid to her, and which amounted to $210.00. Appellant appeals from this supplemental judgment and makes complaint in this court that the additional allowance of $30.00 was not authorized or sustained by the pleadings or proof; that the court erred in giving appellee judgment for the back installments of $10.00 a month and in awarding to her the house in question. He does not seem to make any other objection to the judgment, and we may say in passing that we believe the court exercised the soundest discretion in making the orders it did with reference to the custody of the child.

In so far as the house and the judgment for the back installments are concerned, we concur with appellant in his statement that the proof did not authorize such judgment. The award of $10.00 a month in the original judgment was plainly for the support and maintenance of the child. However, appellee never supported the child during the time in question and his support was kept up by the grandfather and father. Although not done in the manner directed by the court, yet appellant had plainly discharged his obligation under that judgment, and he could not be required to pay again for the maintenance he had already supplied. Therefore, in so far as the supplemental judgment awarded appellee the sum of $210.00 for back installments, it is erroneous, and is reversed.

With reference to the house, the original judgment awarded appellee the occupancy and benefit of this house "for the present" and "for the benefit of" herself and child. That judgment also awarded her $1,500.00 as permanent alimony, and a reading of it plainly convinces us that the court gave her the house in order that she might there make a home for herself and child. This she has never done and, therefore, she should not have the right to continue to hold the house. The record shows that she is amply able to take care of herself. She has been awarded a large sum of money as permanent

alimony. The maintenance of the child has been taken care of and we can see no fair reason why she should be continued in the use of the home, which in fact she does not use but rents out. In permitting appellee to retain and rent this house the court has really given her in addition to the permanent alimony awarded her, an additional monthly allowance by way of the rent which she realizes and which in this case is about $10.00 a month. Therefore, this part of the judgment is also reversed with instructions to return the possession of the house to appellant.

However, in so far as the allowance of $30.00 a month for the maintenance of the boy is concerned, the judgment must be affirmed. Appellant does not complain that he is unable to pay this sum, and from the record herein we believe it is a very reasonable sum for the maintenance of the child, considering the circumstances of the parties. It is equally proper that the father should pay for the tuition and board of this boy when at school. It is urged, however, that there is no pleading in the record on which to support this increased allowance. In the case of Shallcross v. Shallcross, 135 Ky. 418, 122 S. W. 223, the court had before it the question whether or not the lower court in the absence of a formal motion or pleading could on its own motion enter an order concerning the custody of an infant child in supplemental proceedings after judgment for divorce had been entered. The court after discussing the effect of section 2123 of the Kentucky Statutes, and holding that it was only in addition to, and not in restriction of, the inherent powers of an equity court, said:

"Exercise of the power possessed by a court of equity with respect to the custody of an infant in such a case is not, therefore, dependent upon action upon the part of either of the divorced parents, or upon a reservation in the judgment of authority to subsequently change or modify it. The court need not have waited for either parent to take the initiative, but possessed the power to modify, upon its own motion, the previous judgment as to the custody of the infant, upon the state of facts appearing in the response and established by the proof. We do not mean to say that the circuit court should at any time enter a judgment, or change one rendered at a previous term, as to the custody of a child without notice to the parents. In this case, however, both

had notice. It does not lie in the mouth of appellant to complain that he was not served with a written notice of the proceedings resulting in the modification of the original judgment as to the custody of his son; for he instituted the proceeding by taking the rule against appellee, and thereby gave cause and opportunity for the filing of her response, the statements of which, together with the evidence introduced to support them, convinced the court of the necessity for modifying the first judgment to the extent that would prevent appellant from having the custody of his son at all. In this view of the matter we think appellant is estopped to complain of the want of previous formal notice of the action of the court in modifying the judgment, and likewise estopped to complain that the modification resulted without the filing of a petition therefor by appellee or himself." See also Staton v. Staton, 164 Ky. 688, 176 S. W. 21.

The Shallcross case is conclusive of the point raised by appellant. He started these supplemental proceedings and brought to the attention of the court the question of discontinuing the allowance for his infant son. He opened up the question. He had notice that this matter was to be decided, and he, therefore, cannot complain that the court, which must always look after infants who are its wards, upon its own motion made the order it did. We, therefore, conclude that in this particular, the judgment of the lower court is correct and should be affirmed.

Judgment of the lower court is, therefore, reversed in so far as it awarded appellee a judgment for the back installments of $10.00 a month not paid, and the possession of the house, and in all other respects it is affirmed.