## Campbell v. Campbell.

(Decided March 19, 1926.)

### Appeal from Knox Circuit Court.

1. Divorce—Husband Cannot Deprive Wife of Benefit of House Awarded to Her for Benefit of Herself and Child, on Ground that She had Not Maintained it as Home for Herself and Child, when His Own Acts in Keeping Child from Her Defeated that Purpose.— Where judgment of divorce awarded wife occupancy and benefit of house for benefit of herself and child, husband cannot deprive wife of benefit of house on ground that she did not maintain it as home for herself and child, when his own acts and those of his father in keeping the child from her defeated that purpose.

2. Divorce—Judgment Awarding House to Wife for Benefit of Herself and Child, Not Indicating How Long She should have Use, Will be Modified to Give Her Right Until Further Order of Court.—Where judgment of divorce awarding house to wife for benefit of herself and child did not indicate how long she should have use, judgment will be modified to extent that she should have right until further order of court.

HIRAM H. OWENS for appellant.

VICTOR A. JORDAN and THOS. D. TINSLEY for appellee.

OPINION OF THE COURT BY COMMISSIONER DRURY—Affirming in part and reversing in part.

A former opinion in this case may be found in 209 Ky. 571, 273 S. W. 26. After the mandate had issued on that opinion, the appellee made a motion in this court to set aside the judgment entered here because the summons on appeal, the case having been prosecuted on an appeal granted by the clerk of this court, had never been exe-

cuted upon her, the return of the sheriff on the summons in the record being a forgery, and because of the further fact she never knew until the mandate issued such an appeal was pending in this court, and she had never entered her appearance to such appeal by filing a brief or otherwise. These facts being established, the judgment was set aside; whereupon appellee filed her brief and the case has been resubmitted.

We have carefully reviewed the record again, except the supplemental affidavit of appellee filed in this court going to the merits of the controversy, and which we obviously have no power to consider, it not having been before the lower court on the trial of this controversy. We find no reason to depart from the conclusions reached in the opinion, *supra,* except with reference to the house. In the former opinion we held that as the original judgment awarded appellee the occupancy and benefit of the house in question "for the present" and "for the benefit of" herself and child, and that as the record showed that up to the time of the supplemental proceedings she had not occupied the house as a home for herself and child, for which purpose we said the provision of the original judgment was made the supplemental judgment which permitted her to continue in the use, possession and control of this house, with power to rent and lease the same could not be upheld. It is now suggested that the reason appellee did not occupy this house as a home for herself and child was because of the fact that the appellant and his father had been contumacious in complying with that part of the original judgment which awarded to her the custody of their boy, and that as they had by every means in their power thwarted her efforts to regain and keep the custody of the boy they should not now be allowed to take advantage of their own wrong. We think this position is well taken. The record undoubtedly and overwhelmingly sustains the charge that appellant and his father have from the very beginning of this litigation done all they could to set aside, hold for naught and flout the judgment of the court in so far as it awarded appellee the custody of the child. It was impossible for her to maintain the home for the benefit of herself and child as long as they interfered as they did with her custody of the child. While the original judgment gave to appellee a lump sum by way of permanent alimony, it also contemplated that she should receive the incidental benefit

of the shelter of the house while she was maintaining it as a home for herself and child. The appellant ought not to be allowed to deprive appellee of this benefit on the ground that she did not maintain the house as a home for herself and child when his own acts and that of his father in keeping the child from her defeated that purpose. He who seeks equity must do equity. Therefore until the appellant returns or sees that the possession of the boy is returned to the appellee and can show to the court that he is in good faith abiding by that part of the judgment of the court relating to the custody of the child, he should not be allowed to raise the question of the possession of the house. The judgment of the lower court, however, did not indicate how long the appellee should continue to have the use and occupancy of the house with the right to rent it out. The judgment should be modified to the extent that she should have this right until further order of the court. If supplemental proceedings should again be instituted, then the court will have the right and power to decide what is then right in the premises. The judgment of the lower court is therefore reversed in so far as it awarded appellee judgment for the back installment of $10.00 a month not paid, is modified to the extent herein indicated with reference to the house, and is affirmed in all other respects.

Affirming in part and reversing in part.