## Campbell v. Campbell.

(Decided February 21, 1928.)

### Appeal from Knox Circuit Court.

1. Judgment.—Where, in action for divorce, judgment was rendered ordering husband to pay a certain monthly allowance for support of his child, but he had not paid it, and sum had accumulated, whereupon wife had caused an execution, as provided by Ky. Stats., sec. 1663, to issue on judgment and he in turn sought in-

junctive relief against enforcement of such judgment, held that
he was not entitled to such relief, since his remedy, if aggrieved,
was to be had in court where judgment was rendered and not by
a collateral proceeding.

2.  Contempt.—A party guilty of contempt of court is not entitled to
a hearing in court until he has purged himself of such contempt.

HIRAM H. OWENS for appellant.

VICTOR A. JORDON and THOMAS D. TINSLEY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is the third appearance of this case on one
branch or another in this court. Campbell v. Campbell,
209 Ky. 571, 273 S. W. 26; Campbell v. Campbell, 213 Ky.
621, 281 S. W. 800. In the last appeal the judgment of
the lower court had directed the appellant to pay $30
per month for the support of the child, Kenneth Camp-
bell, until the further orders of the court, and the cus-
tody of the child was awarded to the mother, the appel-
lee, on this appeal. That portion of the judgment of the
lower court was affirmed by this court. Appellant did
not pay this sum to the appellee for the support of the
child, and on January 5, 1927, appellee caused an execu-
tion to issue on the judgment as is provided by section
1663, Ky. Stats., for the amount then due, to wit, $1,320,
plus the cost of the action. The execution was placed in
the hands of the sheriff of Knox county, but before he
could do execution thereof the appellant filed his petition
in the Knox circuit court seeking an injunction against
appellee and the sheriff to prevent the collection of the
execution. He alleged in his petition that he did not owe
the sum of $1,320 or any sum, and he alleged as the rea-
sons why he did not owe any part of the judgment that
it was adjudged by the court that appellee should have
the custody of the child and should furnish support,
clothing, housing, and board for the child, and that he
was to pay at the rate of $30 per month towards defray-
ing expenses for the support of the child thus incurred
by appellee. He alleged that he placed the custody of
the child with appellee, but that she refused to provide
a home, board, or clothing for the child, and that she re-
fused to otherwise comply with the terms of the judg-
ment for the care and maintenance of the child.

It appears that the child was a boy old enough to
work and do much towards his own support. The peti-

tion alleged that appellant had borne all the expenses in caring for the child since the entry of the judgment, and that none of the expenses in caring for the child had been borne by appellee. It is alleged that appellant had in no way interfered with the control or custody of the child by the appellee since the entry of the judgment.

An amended petition was filed in which it was alleged that appellant had fully satisfied the judgment of the court by actually paying the expenses for the support of the child which amounted to a greater sum than $30 per month.

Appellant entered a motion in the lower court for a temporary injunction. This motion was denied, and, in the same order, the petition was dismissed.

The contention is made by appellant that his petition stated a cause of action, and that he was entitled to the relief sought. We cannot agree with appellant in this contention. The judgment directed appellant to pay $30 per month for the support of the child. This he did not do. He cannot determine the method of payment or to whom the money shall be paid. That is always a question for the court. If the things alleged in his petition and amended petition are true, his duty was clear and his remedy not difficult to find. He should have gone into the court which entered the judgment against him and there sought relief. This he did not do, and his failure to do so allowed the judgment to accumulate from month to month until the amount stated in the face of the execution was due from him to appellee for the support of the child. It is too late for him to seek a way of escape through the injunctive processes of the court. The judgment is valid, and the execution was therefore proper.

It is earnestly urged that the court should not have dismissed appellant's petition. No reason is given for the dismissal, but a party is not entitled to a hearing in court until he has purged himself of contempt. He was in contempt of court in not complying with its orders, and, until he should be purged of the contempt, he was not in position to be heard.

Judgment affirmed.

Whole court sitting.