# Fisher v. Fisher.

(Decided March 10, 1931.)

JOHN W. HEUVER for appellant.

ARTHUR C. HALL for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

On February 16, 1914, a divorce was granted Anna M. Fisher from her husband, Albert Bruce Fisher, on the ground of abandonment. An agreed order was entered providing that Mrs. Fisher should have the custody of their three children and should be paid $7 a week for the support of herself and the children. A provision was made for modification after one year. From time to time it appears that Mr. Fisher fell behind in the payment of this alimony and Mrs. Fisher was required to appeal to the court. At the time of the divorce two of the children (twins) were about eight years old and the other about three. Mrs. Fisher for some years has been employed as a tailoress in Cincinnati, and has left home almost every morning at 7 o'clock, returning about 6 o'clock in the evening. By her labors and frugality she educated her children in a Catholic high school, and sent one of the boys to college for two years, and gave another a business course. The youngest son is now attending a co-operative engineering school in Detroit. When the separation took place, it appears that Mrs. Fisher held title to some real estate which was being paid for by the joint earnings of the husband and wife. He surrendered his claims to it; but it seems that this property was lost through foreclosure of the mortgage thereon. Mrs. Fisher and her children have lived in a four-room flat in

Bellevue. One of these rooms was rented out to another part of the time. Two of the boys now have good positions and earn substantial salaries. Mrs. Fisher has been earning about $35 a week. She is 52 years old and not in good health.

In a financial way life has been better for Mr. Fisher. He married again, and he and his brother jointly own a trucking or moving business. He also owns a farm of 248 acres which is well stocked, and a substantial home in Bellevue which is well furnished. He has two automobiles and some diamonds. He has no children by his second wife; is 42 years old and in good health. The record discloses that he is reasonably worth about $21,000. Mrs. Fisher's income has been about $1,800 to $2,000 a year in the last three years.

On June 8, 1929, Mrs. Fisher asked the court for a rule against her former husband to compel him to pay her $406, for which sum he was in arrears in the payment of the alimony. He responded by filing a petition for a modification of the original judgment, not only asking to be relieved of the accumulations but of all future payments. The court adjudged that he was delinquent in the sum of $395.50 at the time the motion for a rule was filed, and he rendered judgment in favor of Mrs. Fisher for that sum. However, he modified and set aside the judgment so as to relieve Fisher of all future payments to her. From that part of the judgment she appeals.

The record does not show Mr. Fisher in a very good light. He is younger than his former wife, and not only has the necessities of life, but enjoys many luxuries. The fact that the former wife has an income from her labors and may be assisted financially by her sons, whom he has neglected and for whose welfare she has striven night and day, ought not to relieve him of his responsibilities altogether. It is not contended, nor could it be, that his remarriage relieved him of the legal and moral obligations resting upon him. Staton v. Staton, 164 Ky. 688, 176 S. W. 21, L. R. A. 1915F, 820.

Considering the whole case, the court is of the opinion that the appellee should be required to contribute $5 a week to the support of his former wife, and that the court erred in relieving him altogether.

The judgment is therefore reversed, with directions to modify it accordingly. Of course, the chancellor may from time to time modify this order according to the changes of circumstances.

Judgment reversed.