## Boehmer v. Boehmer.

(Decided April 30, 1935.)

70

JAMES B. MEADOWS for appellant.

CLARKE E. KEENEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

On September 11, 1926, Odia Boehmer, now Odia Zimmerman, was married to Joseph Boehmer. There was born of the marriage one child, Mary Jean Boehmer, now about eight years of age. On February 5, 1929, the wife was granted an absolute divorce from her husband. While the divorce action was pending, the husband and wife entered into a written agreement "permanently settling all questions as to the disposition of property, and all questions of alimony, support and maintenance for the plaintiff herein, and Mary Jean Boehmer, the infant child of the parties hereto," and by which the husband agreed to pay his wife the sum of $10 per week as alimony and for maintenance of the infant child. On granting the divorce, the chancellor adjudged that the husband pay to the clerk of the court each week the sum of $10 as alimony and maintenance for plaintiff and her child until the further order of the court.

On April 19, 1932, Odia Boehmer was married to Ralph Zimmerman.

On January 31, 1934, Joseph Boehmer appeared in the original action and moved the court for an order modifying the amount of weekly alimony and maintenance theretofore allowed to plaintiff.

On February 3, 1934, Odia Zimmerman filed an amended petition seeking to collect past-due installments for about four years, subject to a credit of $300. The two proceedings were consolidated and transferred to the equity docket. After hearing the evidence, the chancellor decreed that Odia Zimmerman recover of

Joseph Boehmer the sum of $500 and costs, and that he be relieved of all past-due alimony and maintenance over and above that sum. He further modified the original judgment by providing that from and after the date of the decree Joseph Boehmer should pay Odia Zimmerman the sum of $2 per week for the maintenance of the infant daughter until the further orders of the court. Odia Zimmerman appeals.

At the time appellant instituted her proceeding to collect the unpaid alimony and maintenance, appellee owed much more than $500, and it is appellant's position that the court did not have the right to change the agreed judgment, and that even if the court did have the right to modify the judgment, it had no right to modify it as to past-due payments of alimony and maintenance.

After considering the questions involved, we have reached the following conclusions:

1. The rule that, where the parties during the pendency of an action for divorce enter into an agreement settling their property rights and providing for the payment of alimony either in a lump sum or monthly payments, and a judgment is rendered carrying the agreement into effect, the court is without power after the expiration of the term to revise the alimony because of changed finances, Renick v. Renick, 247 Ky. 628, 57 S. W. (2d) 663, is subject to two exceptions: (1) Where the agreement provides for modification, Fisher v. Fisher, 237 Ky. 823, 36 S. W. (2d) 635; (2) where the court retains control of the action, Parsons v. Parsons, 80 S. W. 1187, 26 Ky. Law Rep. 256.

2. Here the court directed the payment of $10 a week for alimony and maintenance "until the further order of the court." That being true, the court retained control of the action and had the power after the term to modify the allowance because of changed conditions.

3. Though a few of the courts take a contrary view, Hartigan v. Hartigan, 142 Minn. 274, 171 N. W. 925, Levine v. Levine, 95 Or. 94, 187 P. 609, Gallant v. Gallant, 154 Miss. 832, 123 So. 883, Skinner v. Skinner, 205 Mich. 243, 171 N. W. 383, the weight of authority is to the effect that installments of alimony become vested when they become due, and that the court is without

power to modify past-due installments, Epps v. Epps, 218 Ala. 667, 120 So. 150; Adair v. Superior Court (Ariz.) 33 P. (2d) 995, 94 A. L. R. 328; Parker v. Parker, 203 Cal. 787, 266 P. 283; Caffrey v. Caffrey, 55 App. D. C. 285, 4 F. (2d) 952; Simonton v. Simonton, 33 Idaho, 255, 193 P. 386; Craig v. Craig, 163 Ill. 176, 45 N. E. 153; Delbridge v. Sears, 179 Iowa, 526, 160 N. W. 218; Nelson v. Nelson, 282 Mo. 412, 221 S. W. 1066; Gilbert v. Hayward, 37 R. I. 303, 92 A. 625; Myers v. Myers, 62 Utah, 90, 218 P. 123, 30 A. L. R. 74; Harris v. Harris, 71 Wash. 307, 128 P. 673; 94 A. L. R. 332; and we are inclined to adopt the majority view.

4. The rule in this state is that the remarriage of the divorced wife to one capable of furnishing her suitable support constitutes grounds for terminating the former husband's obligation to pay the alimony decreed, and the court on proper application may relieve the husband from paying all installments, future and past, accruing after the remarriage. Montgomery v. Offutt, 136 Ky. 157, 123 S. W. 676; Franck v. Franck, 107 Ky. 362, 54 S. W. 195, 21 Ky. Law Rep. 1093; Evans v. Evans, 229 Ky. 21, 16 S. W. (2d) 485; Fisher v. Fisher, 237 Ky. 823, 36 S. W. (2d) 635; Lyon v. Lyon, 243 Ky. 236, 47 S. W. (2d) 1072.

5. By the judgment of February 5, 1929, appellee was adjudged to pay alimony and maintenance at the rate of $10 a week. Odia Boehmer was married to Ralph Zimmerman on April 19, 1932. At that time the past-due installments amounted to about $1,660, subject to an admitted credit of $300, leaving a balance of about $1,360. Besides this, the infant child was entitled to maintenance from the time of her mother's remarriage, as well as future maintenance, at the rate of $2 a week, as fixed by the chancellor. Therefore, judgment should have gone in favor of Mrs. Zimmerman not only for the $1,360, but for all due installments for the maintenance of the child. At present we see no reason to modify the allowance of $2 a week made for the maintenance of the child. This the chancellor may do at any time.

Wherefore, the judgment is reversed and cause remanded, with directions to enter judgment in conformity with this opinion.