Howard A. **SPENCER**, Appellant,

v.

Geraldine M. **SPENCER**, Appellee.

Court of Appeals of Kentucky.

Feb. 21, 1958.

Rehearing Denied May 9, 1958.

James G. Begley, Danville, for appellant.

James F. Clay, James G. Sheehan, Jr., Danville, for appellee.

## PER CURIAM.

This is a motion for an appeal from an order adjudging appellant, Howard A. Spencer, delinquent in the payment of $1,605 to appellee, Geraldine M. Spencer, his ex-wife, for the support of their children as provided in a divorce judgment. Appellant ceased making monthly allotments to his wife on his own initiative when appellee left Kentucky with the children.

In this type of case appellant could not determine for himself whether he should continue to obey the order of the lower court in keeping up the monthly installments for the maintenance of his children. This is always a question for the court which retained jurisdiction over the children to decide. See Campbell v. Campbell, 223 Ky. 836, 4 S.W.2d 1112. See also KRS 403.070.

Appellant argues that, since his ex-wife deprived him of visitation privileges with his children, by relocating them in Albion, Michigan, in violation of the provisions of the divorce decree, he was automatically relieved of making further advancements for their upkeep from the time she took the children out of this state. The judgment did not provide he would be excused from compliance with its terms in event his ex-wife transferred the home of the children of their marriage to another state.

It is well established that in most of the cases in which the question has arisen, appellate courts have recognized the power of the court which grants a divorce or separation to permit the removal of a child from its jurisdiction in a proper case. This has been expressly held, or has been impliedly recognized, in cases affirming decrees sanctioning the transfer of a child from the jurisdiction of the court or holding that such a decree may be entered. In these cases the provision for child support may be retained in the order allowing the removal in the discretion of the court. See Duncan v. Duncan, 293 Ky. 762, 170 S.W.2d 22, 154 A.L.R. 549. See also 154 A.L.R. 554.

Although the judgment in a case such as the one before us is interlocutory in its nature, it is binding and final until modified, and any payments which have become due previous to such modification constitute a fixed and liquidated debt in favor of the judgment creditor against the judgment debtor. See Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68.

Wherefore, the motion for an appeal is overruled and the judgment is affirmed.