Lloyd KNIGHT, Appellant,

v.

Martha KNIGHT, Appellee.

Court of Appeals of Kentucky.

Dec. 9, 1960.

Garrison & Myre, Paducah, for appellant.

M. C. Anderson, Wickliffe, for appellee.

MOREMEN, Judge.

By judgment entered September 9, 1952, appellee, Martha Knight, was granted an absolute divorce from Lloyd Knight. She was awarded custody of their infant daughter and $50 per month for her maintenance.

It has been necessary for appellee, from time to time, to enforce payment of the award by means of rules issued by the court.

On August 29, 1957, appellee filed a motion for a rule to require appellant to appear and show cause why he should not be adjudged in contempt of court for his failure to pay allowances in the total amount of $250.

On September 3, 1957, appellant, in response to the motion, and in a petition to modify the original judgment, alleged, inter alia, that he was financially unable to pay the sum of $50 per month for the support of his daughter.

On September 6, 1957, the cause was heard by the court.

On September 11, 1957, the court entered a judgment which ordered the rule made absolute and struck the petition to modify the judgment on the ground that it did not contain allegations sufficient to entitle appellant to the relief sought. However, appellant was given permission to amend his petition for modification.

On October 3, 1957, an amended petition to modify was filed in the clerk's office and on November 21, 1957, appellant moved to

file it of record and prayed the judgment of the court. It was ordered filed on December 6, 1957.

On December 12, 1957, appellee moved to dismiss appellant's petition to modify, but no immediate action on the petition or on the motion to dismiss was taken.

On July 21, 1958, appellee filed a motion for a rule in which it was stated that appellant had failed to pay maintenance allowances for the months of February, March, April, May, June and July 1958. Appellant filed a response in which he directed the court's attention to the fact that his petition to modify the judgment was still pending and moved that the motion filed by appellee be stricken. He set up other defenses which were similar to those in the amended petition for modification.

On August 1, 1958, the court entered a judgment in which it was stated that the cause came on to be heard on both the petition and the motion of appellee that appellant be adjudged in contempt of court. It was recited that after reading the pleadings, hearing statements and arguments of counsel, it was adjudged (1) that the petition to modify the judgment was overruled and (2) that appellant was in contempt of court and, unless he purged himself of contempt by payment of the amount which was due, a warrant authorizing his confinement in jail would issue. The judgment also disposed of other corollary matters.

We have worked under difficulties in this case due to the fact that although the entire transcript of the testimony in the original divorce case has been brought here—which is of no possible service to us—we have no source of information as to the exact occurrences at the time of the various appearances before the court, except those which may be gleaned from the pleadings and judgments that have been entered.

█ Appellant contends that the court erred in summarily dismissing the petition to modify the original judgment without permitting him to offer proof that his financial and physical condition had been materially changed since the original judgment was entered and in ordering the rule for contempt to be made absolute without affording him the same right to show his present condition by competent evidence. We believe that appellant's right to petition for modification is plain.

KRS 403.070 reads:

"Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties and any of their children of unsound mind. At any time afterward, upon the petition of either parent, the court may revise any of its orders as to the children, having principally in view in all such cases the interest and welfare of the children. No such order for maintenance of children shall divest either party of the fee simple title to real estate."

This statute anticipates that the court should hear evidence as to changed conditions, if any, and revise the judgment if the conditions warrant it. See Beutel v. Beutel, 305 Ky. 683, 205 S.W.2d 489.

Appellee argues that one must purge himself of contempt by paying all past-due installments before the court will entertain a motion to modify the judgment in respect to future installments, and recites authorities which we will discuss later. However, when one refers to the calendar of events which were listed first in this opinion it may be seen that at the time appellant's amended petition to modify was ordered filed on December 6, 1957, he was not in contempt of court.

It appears that after the petition was filed on December 6, 1957, and before it came on to be heard on August 1, 1958, he may have become delinquent (as shown by appellee's motion for a rule filed July 21, 1958) but at the time he petitioned the court he was not in contempt and should

have been afforded a hearing with an opportunity to adduce evidence.

We appreciate the dilemma confronting a trial court where a party who is delinquent in payments ordered by a prior decree insists that he should be excused from payment or should have the amount reduced because our opinions seem impossible to reconcile.

In Roper v. Roper, 242 Ky. 658, 47 S.W. 2d 517, 519, we said:

"Failure to comply with a decree is prima facie evidence of contempt; hence the burden is on the divorced husband to show his inability, and that is a question of fact to be determined by all the evidence. It is the general rule that, where a husband has defaulted in the payments ordered by the court to be made because he is unable to do so, he will not be adjudged in contempt for disobedience unless he is in fault or had voluntarily created his disability."

In Hembree v. Hembree, 208 Ky. 658, 271 S.W. 1100, 1101, where a father had defaulted in payments ordered by the court, it was said:

"* * * To have purged himself of contempt for his failure to comply with the court's orders he must have made it clearly appear, not only that he was unable to comply therewith, but also that his inability was not caused by his own neglect or misconduct."

This same rule which grants to a defaulting party the right to be heard is approved in more recent cases. Honaker v. Honaker, 267 Ky. 129, 101 S.W.2d 679; Gibson v. Stiles, Ky., 240 S.W.2d 609; and Commonwealth v. O'Harrah, Ky., 262 S. W.2d 385.

There are, however, contrariant opinions. In Campbell v. Campbell, 223 Ky. 836, 4 S.W.2d 1112, 1113, it was said:

"It is earnestly urged that the court should not have dismissed appellant's

petition. No reason is given for the dismissal, but a party is not entitled to a hearing in court until he has purged himself of contempt. He was in contempt of court in not complying with its orders, and, until he should be purged of the contempt, he was not in position to be heard."

In Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68, 69, we said:

"After the judgment is entered, although it may be subject to modification at a subsequent date, it is binding and final until modified; and any payments which may have become due previous to such modification constitute a fixed and liquidated debt in favor of the judgment creditor * *. In fact, under our practice, the judgment debtor must pay all past due installments, thus purging himself of contempt, before the court will entertain a motion to modify the judgment in respect to future installments."

We cannot reconcile the statements made in the last two opinions with those of the prior ones. The majority rule in this country seems to be that installment payments for maintenance or alimony become vested when they become due, and the courts have no power to modify the decree as to them. 94 A.L.R. 332. This rule was affirmed in the Whitby case above cited but is contrary to that in other cases. However the question of modification of past payments is not presented here.

We are concerned only with whether a person is entitled to a hearing at a time when it is alleged that he has failed to make his installment payments as decreed and is therefore in contempt of court.

In exercising our choice between the two theories, we are inclined to the one which permits a hearing before the court even though the party may have defaulted, since our jurisprudence has made a fetish of the right of "a day in court." We think it affords justice to permit a person to show,

if he can, that the decree of the court has been impossible to perform. We emphasize that the excuse must be certain and positive.

In conclusion we summarize (1) that at the time the petition for modification was filed appellant was not in default and (2) even if he was in default, he is entitled to produce evidence, if any he has, to show that he is unable to meet the requirements of the decree.

The parts of the opinions in the Campbell and Whitby cases which indicate that a party is not entitled to a hearing in court until he has purged himself of contempt by reason of failure to make installment payments are overruled.

The judgment is therefore reversed.