Donna DeMyer DALTON (Yuill), Appellant,

v.

K. P. DALTON, Jr., Appellee.

Court of Appeals of Kentucky.

May 10, 1963.

W. C. Tipton, Hickman, R. P. Burcham, South Fulton, Tenn., for appellant.

James H. Warren, Fulton, for appellee.

STANLEY, Commissioner.

The principal question is whether a father should be exonerated of contempt of court for failing to comply with a judgment requiring monthly payments to his children's mother for their support because she had violated the terms of the judgment relating to their custody. There are two subordinate questions.

In October, 1953, a judgment granting a divorce to Donna D. Dalton from K. P. Dalton, Jr. awarded custody of their two children, then 3 and 6 years old, to the mother with the qualified right of visitation by the father. He was ordered to pay her not less than $75 a month for the children's maintenance. The question of future support was expressly left open. The mother was given the right to remove the children from the jurisdiction of the court.

In May, 1955, on a hearing of the mother's motion for a rule of contempt for nonpayment of the sums adjudged, the court exonerated the father on the ground that he had shown reasonable cause, and found no reason to modify the custodial judgment.

The present proceeding was instituted by another motion for a rule of contempt against the father for subsequent nonpayment of the support awards. The defendant responded with numerous excuses and reasons. Upon a hearing, the court dismissed the rule and modified the judgment to provide in the future (1) monthly payments of $37.50 for each child until he becomes 18 years of age, the same to be paid by the father to the clerk of the court and transmitted by him (less legal fees) to the mother while they are in her custody; and (2) the mother should have custody of the children except for six consecutive weeks in each year during the school vacation. The order provides that the father shall bear the cost of transporting the children to and from their mother's home in Nevada.

The basic facts are that both the father and the mother remarried in February, 1955. She bears the surname of Yuill. She has lived and had the children since remarriage in Nevada. While the father has been variously employed and has lived in several places since his first marriage

and divorce, it appears that he has kept up his home ties, and at the time of this hearing was living in Fulton County, Kentucky.

The trial court recited in a findings of fact that the amount of the father's payments was in dispute and that "apparently his contributions have been in clothing and gifts of various kinds." The court recited the many asserted defenses to the contempt rule but found only two specific facts. One is that the children go under the present name of their mother, Yuill, and are not known in their own community as Daltons. The other is that the mother did not let the father see his children on the "excuse" that he came to her home drunk, and she had to have him arrested. He was not punished on condition that he leave Nevada and stay away for a year. The court made no specific finding as to whether the provision for payment of $75 a month had been or had not been complied with, but adjudged that the father should not be held in contempt for his failure to support these children, as the plaintiff was also guilty of violating the terms of the judgment.

Guilt of contempt is implicit in the court's decision, although the basis of the finding is not clear. It is certain that the father had paid but little money to the mother during the years; and in the absence of her agreement to accept clothing or other gifts by the father or the children's grandparents in substitution, the father was not entitled to be credited with their value. Campbell v. Campbell, 223 Ky. 836, 4 S.W. 2d 1112; Williams v. West, Ky., 258 S.W. 2d 468. It may be observed, however, that a case may arise where in the application of equitable principles regard should be had for substitutional expenditures by the father for the benefit of the children. Cf. Campbell v. Campbell, 209 Ky. 571, 273 S.W. 26; 17A Am.Jur., Divorce and Separation, § 876; Bradley v. Fowler, 30 Wash. 2d 609, 192 P.2d 969, 2 A.L.R.2d 822. In the present case the gifts and clothing furnished were insignificant in value.

The accruals of unpaid support payments, it was claimed by the mother, amounted to more than $4,500. The father claimed it was much less. In accord with a majority of the jurisdictions, we hold that unpaid periodical payments for maintenance of children, like that for alimony, become vested when due. The accrued sum of delinquencies is a fixed and liquidated debt, and the court has no power to modify the judgment as to it. Boehmer v. Boehmer, 259 Ky. 69, 82 S.W.2d 199; Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68; Spencer v. Spencer, Ky., 312 S.W.2d 360; Knight v. Knight, Ky., 341 S.W.2d 59. It is to be noted that in this case the trial court did not expressly relieve the father of liability for these arrears, although the effect of the modified decree seems to have been to start anew. If he was unable at any time to have complied with the order, he could have sought relief on that ground. That he did not do. On this hearing he introduced some evidence to that effect, based on physical disability, unemployment and low earnings; but, in our opinion, it was not sufficient to meet the requirements of the law. As a general rule, inability of a father without fault on his part to make the payments adjudged for support of his children is a defense to a charge of contempt. But the burden is upon him to make that condition clear. Hembree v. Hembree, 208 Ky. 658, 271 S.W. 1100; Roper v. Roper, 242 Ky. 658, 47 S.W.2d 517. With respect to the accrued deficiencies, Dalton testified he was not able to pay the sum, but that it was possible that he could borrow the money from his father and a bank and pay it.

We think it clear that the father had violated the order of court without showing legal excuse and was subject to being adjudged in contempt. Indeed, as stated, that is implicit in the court's finding; but the court declined to hold the father in contempt because the mother was also guilty of violating the terms of the judgment. The reasons for this conclusion are not

clear. Reference is made in the findings that the mother had removed the children from the jurisdiction of the court. But that was permitted by the original judgment. Other reasons indicated are that the mother had violated the father's visitation rights and would not permit them to visit him; also, that she had enrolled the children in school under the name of Yuill instead of their true name of Dalton, and they were known as Yuills in the community in which they lived.

Whatever infractions of the custodial judgment there may have been on the mother's part, the children should not be deprived of their natural and legal right of support from their father on account of the dissensions of their parents for causes of which they are innocent (Cf. Campbell v. Campbell, 213 Ky. 621, 281 S.W. 800), and the father may not evade his obligation to support his children on the ground of such dissensions.

Disobedience of the judgment by the mother—whatever may be the effect as a consideration for modifying the order of future custody—cannot be allowed to prejudice the rights of the children retrospectively. Ordinarily, the mother's violation of the provision of the order concerning visitation rights is not a defense to a charge of contempt based on the father's failure to pay child support. 27B C.J.S. Divorce § 322(2), p. 702; 17A Am.Jur., Divorce and Separation, § 875. On this matter of a mother's contumacy generally, the authorities are not in complete agreement; but the facts of a particular case would seem to be controlling. Annotations, 105 A.L.R. 901, 172 A.L.R. 869, at page 888. We held in Spencer v. Spencer, Ky., 312 S.W.2d 360, that a father may not on his own initiative cease making monthly payments to his wife for the support of their children when she moved to another state and took the children with her. See also Beutel v. Beutel, 300 Ky. 756, 189 S.W.2d 933.

The conclusion of the whole matter is that the court should have adjudged the respondent father in contempt. As well said in 17A Am.Jur., Divorce and Separation, § 873, "There are, however, two types of contempt and two types of commitment in contempt cases, which may be described as 'process' or enforcement commitment to secure present compliance with an order for support, and a punitive commitment as punishment for a past offense. If, for example, the father is able to pay now but refuses to do so, he may be committed to jail until he complies with the decree; this is a device to enforce payment. But if the father was once able to pay and refused to do so, or if he is now able to pay arrears but refuses to do so, the court may imprison him for a definite period of time as punishment." Our case of Roper v. Roper, 242 Ky. 658, 47 S.W.2d 517, is in accord. See also Barrett v. Barrett, 287 Ky. 216, 152 S.W.2d 610; Gibson v. Stiles, Ky., 240 S.W.2d 609.

It is generally recognized that the court may conditionally sentence a father found guilty of contempt in these matters, allowing him a reasonable time within which to purge himself by paying arrears in installments or otherwise. 27B C.J.S. Divorce § 262, p. 123.

Considerable time has elapsed since the trial of this case, and, doubtless, related circumstances and conditions have changed. Because of that, the case may be reopened for further proof and decided in accordance with present conditions. While the court is without authority to modify or cancel vested rights in the accruals of unpaid maintenance money, the matter of equitable and appropriate remedy and punishment for having previously failed to comply with the court's order is within the exercise of the sound discretion of the court. Roper v. Roper, supra; 27B C.J.S. Divorce § 321(6), p. 664; 17A Am.Jur., Divorce and Separation, § 873.

We turn to the two subordinate questions raised on the appeal.

 The appellant argues that in the absence of an allegation of a change in conditions, the court had no authority to act on the father's motion to modify the custodial arrangements. Broad statements in some opinions indicating that modification could be made on pleadings and proof are not decisive of the particular question. Even under the restricted rules of pleading of the former Civil Code, it was held that where a parent had notice that the matter of custody of the children would be brought before the court, the court, under its equitable, as well as statutory, powers with respect to the custody of children, had authority even on its own motion to enter an order concerning custody. KRS 403.070; Shallcross v. Shallcross, 135 Ky. 418, 122 S.W. 223; Campbell v. Campbell, 209 Ky. 571, 273 S.W. 26. In this case evidence was heard on the general matter of the children's custody and the change in conditions of the parents. Under present liberal rules of procedure, CR 8.01, 8.06, the point is not tenable.

The modified judgment providing for the periodical payment in support of the children until each child becomes 18 years of age was improper. Under ordinary circumstances the father's responsibility for the maintenance of his children continues during their minority until they become 21 years of age. The court should not, therefore, have decided so far in advance that the support should be discontinued. Fitzgerald v. Fitzgerald, 285 Ky. 404, 148 S.W.2d 286; Sandlin v. Sandlin, 289 Ky. 290, 158 S.W.2d 635; Whitaker v. Whitaker, 298 Ky. 590, 183 S.W.2d 623. This rule is not affected by the fact that under the constitutional amendment of 1955 (§ 145) one may vote when he becomes 18 years of age.

The judgment is reversed for proceedings consistent with this opinion.

Reversed.