**Gladys H. JACKSON, Appellant,**

**v.**

**Chris S. JACKSON, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1967.

James G. Sheehan, Jr., Danville, for appellant.

James F. Clay, Sr., Clay & Clay, Danville, for appellee.

WADDILL, Commissioner.

Appellant, Gladys Jackson, and appellee, Chris Jackson, were granted a divorce in the Boyle Circuit Court in February 1962. At that time the court found appellee's net worth to be $81,800 and awarded appellant property valued at $30,000 as lump sum alimony plus monthly alimony of $500. During March 1966 an agreed judgment was entered reducing the monthly alimony to $275.

In January 1967 appellee asked the circuit court to relieve him of further payments of alimony. Appellant objected to this motion being heard on the ground that appellee was in contempt of court for failure to make two monthly payments of alimony.

In ruling on appellee's motion the circuit court found that the financial circumstances of the parties had changed and concluded that a lump sum payment of $3000 by appellee to appellant would "satisfy in full all alimony, now due or to become due." This payment is payable prior to March 15, 1970.

■ Appellant contends the circuit court erred in considering appellee's motion because appellee was in contempt of court. The appellant does not allege nor does the record show that she ever sought or obtained an order of contempt against appellee. The failure of appellee to timely make alimony payments in and of itself does not preclude him from being heard on his motion. See Knight v. Knight, Ky., 341 S.W.2d 59; 17 Am.Jur.2d, Contempt, Section 106, at page 63.

■ Appellant next contends the circuit court erred in depriving her of the two delinquent alimony payments. It is apparent from the findings of the circuit court that the award of $3000 included all payments due appellee, the two delinquent installments of alimony being collectible at any time and the balance being deferred to 1970.

■ Finally, appellant urges that the lump sum award is so inadequate as to constitute an abuse of discretion. Appellant received an adequate lump sum alimony at the time the divorce was granted. Ralston v. Ralston, Ky., 396 S.W.2d 775. The circuit court found that appellee's income was greatly decreased while appellant's has improved. Appellant does not attack this finding. Under the circumstances of the instant case the circuit court did not abuse its discretion.

The judgment is affirmed.

All concur.