CASE 19—PETITION EQUITY—NOVEMBER 2.

# Lacey v. Lacey.

APPEAL FROM WOLFE COURT OF COMMON PLEAS.

1. THE WIFE'S RIGHT TO ALIMONY is not confined to cases in which the divorce is obtained in a suit instituted by her, although a strict con-struction of the statute would seem to so limit the right. The statute was intended to apply in all cases where the separation occurs without the wife's fault, and embraces cases where she is entitled to obtain a divorce, although the husband is seeking it.

   In this action by the husband for a divorce upon the sole ground of his having lived apart from his wife without cohabitation for five consecutive years next before the institution of the action, as the wife might have obtained the divorce by making the application, she, being without fault, was entitled to alimony.

2. COUNTER-CLAIM.—The objection that the wife's answer seeking ali-mony was not styled a "counter-claim," was waived by the plaintiff by replying and joining issue on the matter set up in the alleged counter-claim, if the requirement of the Code be applicable to cases of this kind.

3. ALIMONY.—Even if the statute does not allow alimony to the wife in the action instituted by the husband for a divorce, because it would

Lacey v. Lacey.

not be on a divorce obtained by her, or if the objection to the counter-claim was not waived, yet she is entitled to alimony in an independent suit brought by her for that purpose after the husband instituted his action, the two suits being consolidated and heard together.

4. SAME.—The only allowance to the wife was $75 pending the suits. The extent of her estate seems to be about $700. The husband seems to have gotten several hundred dollars of her separate property, and is worth $2,500 or $3,000. *Held*—That the wife should have been allowed as alimony the sum of one thousand dollars.

5. PARTIAL TRANSCRIPT.—Although an amended petition was tendered and an order made permitting it to be filed, yet as it is not in fact in the record, which is certified to be a complete transcript, the presumption must be that although the plaintiff had permission to file it, it was not in fact filed.

THOMAS H. HINES FOR APPELLANT.

The wife is entitled to alimony, although she did not institute the action for divorce. Sec. 6 of art. 3, chap. 52, Gen. Stats., applies only where the wife is in fault, and the grounds alleged by the husband are not sufficient if embraced in a petition by the wife to entitle her to a divorce. (Davis v. Davis, 86 Ky., 33.)

JO. M. KASH AND E. C. JOHNSON OF COUNSEL ON SAME SIDE.

WM. H. HOLT FOR APPELLEE.

1. A defendant is not entitled to judgment upon a claim attempted to be set up by way of counter-claim unless it be so termed. (Civil Code, sec 97, sub-sec. 4.)

2. The wife is not entitled to alimony except *upon a divorce obtained by her*. (Gen. Stats., p. 730.)
    Davis v. Davis, 86 Ky., 33, distinguished.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee sought and obtained a divorce from his -wife, the appellant, on the sole ground of his having lived apart from her without cohabitation for five consecutive years next before the institution of his action. The fact of separation was not denied, but the wife sought alimony upon the ground that the appellee, without cause, had abandoned her when she was without fault; that she had sheltered him in a home provided by her for the nine years of their married life, and been

patient with his shortcomings; that she had very little property left, having been compelled, since his desertion of her, and in order to provide the means of subsistence, to sell her house and lot where they had lived during the marital relation; that her husband had appropriated to his own use some eight or nine hundred dollars belonging to her, which he had collected from a sale of a small tract of land inherited from her father's estate; that she was old and in feeble health, while her husband was strong, without children, or others dependent on him, and worth some four or five thousand dollars in real estate.

The appellee admits that he abandoned his wife, but denies that he was in fault, and sets up a series of petty grievances against her, evidently having little, if any, excuse for his conduct. He was about thirty-eight years of age and she forty-eight when they married in 1875. She was a widow with two daughters. They kept a boarding house, and the wife was industrious and economical. The husband was addicted to frequent sprees, but was a proficient salesman and clerk, and contributed to a considerable extent to the support of the family. In his deposition he says that while he was married he bought a town lot for $150, and a small tract of land for which he paid $200; that just before the separation he had bought a piece of land and owed a sale bond amounting to $301, and was without money to pay it; that he told his wife and her daughter and son-in-law that if they would pay to him some $245 that the son-in-law owed for board, he would stay at home and assist his wife in keeping the boarding house, otherwise he would be forced to leave in order to make money enough to pay

his debts; that they refused to let him have it and he left. We cite these alleged reasons given by the appellee to show the utter want of legal excuse for his abandonment, and except for the arbitrary statutory provision as to the separation for five years, it is evident the appellee would not have been entitled to the divorce.

The chancellor seems to have been of the opinion that because the divorce was not obtained by the wife in a proceeding by her for that purpose, she is not entitled to alimony, and such would seem to be the effect of a literal construction of the statute. It reads, " and if the wife have not sufficient estate of her own, she may, on a divorce *obtained by her*, have such allowance out of that of her husband as shall be deemed equitable," etc.

We do not think, however, that this statute deprives the wife of alimony, if otherwise entitled to it, simply because she may not have instituted the suit for divorce. It was intended to apply in all cases where the separation occurs without her fault, and embraces cases where she is *entitled to obtain* a divorce, though the husband is seeking it. Such was the effect of the decision of this court in Davis v. Davis, 86 Ky., 32. It is true that in that case the judgment of divorce obtained by the husband should not have been granted. Here it was properly granted by reason of the statute, yet the point upon which the right of the wife to alimony rested was the conduct of the husband. Her equities are the same in this case. Although either party, without reference to which one was in fault, might have obtained the divorce by making the application, yet their conduct was a proper subject-matter of inquiry for the purpose of

equitably determining and adjusting their property rights.

It is insisted, however, that because the wife's answer was not styled a " counter-claim," she is not entitled to a judgment for alimony. If this requirement of the Code be applicable to cases of this kind, yet the appellee by replying to and joining issue on the matter set up in the alleged counter-claim, waived his right to make this objection. (Cason v. Cason, 79 Ky., 558.) Moreover, after the institution of the suit of appellee, the wife instituted an independent action for alimony. There was an answer relying, among other things, on the pendency of the first action and the claim to alimony therein. This action could not be prosecuted independently of the first one, but the suits were consolidated and heard together. If we hold that the statute does not allow alimony to the wife in the first action because it would not be on a divorce obtained by her, or hold that the appellant did not waive objection to the wife's pleading by replying to it, yet there seems no reason why she is not entitled to alimony in this independent suit brought by her. It is urged as an objection to this, that only a partial record of this second suit is brought up; but when an amended petition is tendered and an order made permitting it to be filed, yet if it be not in fact in the record, which is certified to be a complete transcript, the presumption must be that although the plaintiff had permission to file it, it was not in fact filed.

The only allowance to the wife was $75 pending the suits. The extent of her estate seems to be about $700. The husband seems to have gotten several hundred dollars of her separate property, and is worth some

twenty-five hundred or three thousand dollars. We think she should have been allowed as alimony the sum of $1,000.

The judgment below dismissing her claim is reversed, and a judgment in her behalf is directed to be entered for this sum.