## Johnson v. Johnson.

(Decided February 28, 1919.)

### Appeal from Pike Circuit Court.

1. Equity—Relief.—Where issue is joined in a suit in equity the court may under a prayer for general relief grant any relief to which the parties show themselves entitled.

2. Divorce—Cruel and Inhuman Treatment.—A base and unfounded charge of unchastity and adultery made by the husband against his wife constitutes such cruel and inhuman treatment as to entitle her to a divorce upon that ground; but the charge by the husband in order to amount to such cruelty must be deliberately made and not made capriciously or in a fit of jealousy or under circumstances not showing a determination to falsely prefer the charge.

2. Divorce—Alimony—Discretion of Court.—The question of the amount of alimony to be allowed the wife upon the granting of a divorce is one which addresses itself to the sound discretion of the court in the light of the facts of each particular case, there being no definite and fixed rule upon the subject.

4. Divorce—Alimony—Allowance—Appeal and Error.—Where the testimony shows to a reasonable certainty that the husband possesses property to the value of between $4,000.00 and $5,000.00, and the wife has property to the amount of only about $650.00, and has in her custody two of the infant children, an allowance to the wife of $750.00 and of $100.00 to her attorney will not be disturbed as excessive.

5. Divorce—Alimony—Evidence.—Where the husband seeks a divorce upon the sole ground of himself and wife living apart without cohabitation for five years, the wife by her answer may seek and obtain alimony, provided she was not at fault in bringing about the separation.

6. Limitation of Actions—Pleading.—The statute of limitation in order to be taken advantage of must be pleaded.

JAMES M. ROBERSON and R. H. COOPER for appellant.

CLINE & STEELE for appellee,

Opinion of the Court by Judge Thomas—Affirming.

This is a divorce suit brought by appellant (plaintiff below) against the appellee (defendant below) seeking a cancellation of the bonds of matrimony solely upon the ground that the parties lived apart without cohabiting for five consecutive years next before the filing of the suit. The answer denied the five years' separation, claiming that it had been only four years, and further pleaded the statutory grounds that plaintiff had habitually behaved toward her for a period of not less than six months in such a cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness, and that he had been guilty of attempting to cruelly beat and injure her so as to indicate an outrageous temper in him and to create probable danger to her life or great bodily harm from remaining with him. She asked that she be allowed $2,500.00 alimony for the support of herself and two of the four infant children born as a result of their marriage. A reply put in issue the allegations of the answer, and upon trial the court dismissed the petition and granted defendant an absolute divorce and allowed her as alimony the sum of $700.00 and attorney's fee, amounting to $100.00, and to reverse that judgment plaintiff prosecutes this appeal.

Plaintiff and defendant were married in 1900. They each had children by a former marriage and they with their children resided after their marriage upon a farm owned by plaintiff until March, 1912, when defendant left the home of plaintiff with the intention of permanent separation, and she has continuously lived separate and apart from him since that time. Two of the children went with the defendant at the time of the separation, and two remained with plaintiff.

Three grounds are urged for a reversal of the judgment: (1) That it is void, since there is no specific prayer for a divorce in defendant's answer and counterclaim. (2) That there was a failure of proof on the part of defendant of the charges contained in her answer, and (3) that both the alimony allowance and the attorney fee—even if authorized under the evidence—are excessive.

Considering these grounds as briefly as possible: (1) The closing of the prayer in the answer and counterclaim says "she prays that a general order of attach-

ment issue, and for all relief that to her in law or equity belongeth that the court may deem meet and proper.'' This court has frequently held that under a general prayer like this when issue is joined the court may grant any relief, whether specifically prayed for or not, to which the proof in the case shows the party entitled. In the case of Heckling v. Gehring's Exr., &c., 30 Ky. Law Rep. 1198, this court in speaking upon the point said: ''Under the Civil Code of Practice, sec. 90, upon issue joined in an action in equity the court may grant any relief that the parties may show themselves entitled to, whether it is specifically prayed for or not, if the petition contained a prayer for general relief.'' See, also, Bank v. Coke, 20 Ky. Law Rep., 291; Lillard v. Brannin, 91 Ky. 511; Bridgeford v. Barbour, 80 Ky. 529; I. C. R. R. Co. v. Davidson, 115 S. W. (Ky.) 770, and Alexander v. Owen County, 136 Ky. 420  The cases referred to are not divorce suits, and if the rule prevails in cases other than divorce suits *a fortiori* would it apply in cases where no appeal is allowed, as is the case with a judgment granting a divorce  Indeed, it would be so whether a counter pleading was filed or not, since in divorce cases the law puts in issue all affirmative allegations relating to the grounds for divorce.

Under the (2) ground relied upon for a reversal it is strenuously urged that neither ground alleged by defendant for divorce is supported by the proof. We are only permitted to examine the testimony upon this point for the purpose of reviewing the judgment allowing alimony, since we have no right to do so for the purpose of determining the correctness of the judgment in granting the divorce.  Evans v. Evans, 93 Ky. 510; Anderson v. Anderson, 152 Ky. 773; Pemberton v. Pemberton, 169 Ky. 476, and Burns v Burns, 173 Ky. 105.

Defendant and some of her witnesses testified that on a number of occasions before the separation plaintiff attempted to strike her, but from some cause not explained he was prevented from doing so.  It also appears that there were many quarrels and disputes between the two, but how these domestic storms were produced, who was to blame for them, when they occurred, or how long they lasted does not appear.  It is easy to conclude, however, that there was but little domestic felicity or connubial bliss to be found in the household.  Perhaps these matters standing alone would not be sufficient to establish

the grounds relied on by defendant, but we find in the record an uncontradicted fact, which, with the circumstances related, we think, amply sufficient to establish the charge of habitual cruel and inhuman behavior on the part of plaintiff toward defendant so as to indicate a settled aversion to her; that fact is a false and unfounded charge of adultery and a false implication of lewd and lascivious conduct on her part. Courts have entertained different views as to the effect of such false charges as furnishing grounds for divorce. Some of them admit the relevancy of testimony establishing such false charges, which, in connection with other acts of cruelty would be sufficient to establish the statutory ground, while other courts hold that to so falsely accuse the wife is of itself such cruel and inhuman treatment as to entitle her to a divorce upon this ground. R. C. L. 345, 346; Smith v. Smith, 181 Ky. 55, and cases therein referred to.

In the case of Logan v. Logan, 171 Ky. 115, the charge against the wife was made by the husband in his answer to her petition. It was held on appeal that the proof failed to sustain it, and in answer to the contention that the wife had failed to sustain her grounds for divorce on the ground of cruel and inhuman treatment this court said:

"Under the rule announced in Rogers v. Rogers, 13 Ky. L. R. 526, 17 S. W. 573, this unfounded charge of adultery against the wife, made by the husband in his answer and cross-petition, considered in connection with the other proof of his cruel treatment of her, is sufficient to sustain the charge of cruel treatment. See, also, Hooe v. Hooe, 122 Ky. 590, 5 L. R. A. (N. S.) 729. The claim, therefore, that there was a total failure of proof upon the issue of cruel treatment is not sustained by the record; and consequently, the further contention that where the judgment of divorce is not sustained by any proof no alimony will be allowed, is without merit."

The Rogers case referred to in the excerpt was one in which the charge was made in the pleading of the husband but which he failed to sustain by his proof, and Judge Pryor, speaking for the court, said: "The charge of adultery is unfounded, and the attempt to fasten this offense on the wife, connected with cruel treatment, originating from a frame of jealousy that has dominated the judgment and better feeling of the husband, entitles the wife to have the marital relation severed."

In the case of Barlow v. Barlow, 28 Ky. L. R. 664, the charge was made by the husband not in any pleading in the divorce proceeding, but prior thereto. It was shown by the testimony in the case to be unfounded and false, and in determining that this constituted the statutory grounds for divorce the opinion says: "In the case of Rogers v. Rogers, 13 Ky. Law Rep. 527, this court held in effect that when a husband charged his wife to be unchaste and fails to support this charge, that this unsupported charge on the part of the husband against the wife was such cruel and inhuman treatment as entitled her to divorce and alimony."

We think these cases commit this court to the rule that a baseless and unfounded charge of adultery against the wife by the husband is such cruel and inhuman treatment in and of itself as to authorize the court to sever the marital relation at her instance. Indeed we can not well see how it could be otherwise. For, as said in the case of Hooe v. Hooe, 122 Ky. 590, "It is not necessary that the husband should be a wife-beater, or that his wife should apprehend violence at his hands. . . . Under the statute here invoked it is that species of cruel and inhuman treatment that indicates a settled aversion to the wife as permanently destroys her peace or happiness; and this character of cruelty may habitually manifest itself in various ways that fall short of assault or bodily injury, and are not attended with apprehension of violence or danger, and in the nature of the case each complaint under this statute must be determined by the facts as they are presented."

So may we say that the cruel and inhuman behavior of the husband toward the wife so as to indicate a settled aversion to her or to destroy permanently her peace or happiness need not be manifested by physical violence toward her, for if it be otherwise manifested and in its essence is cruel and inhuman and sufficient to destroy permanently her peace and happiness it will entitle her to a divorce.

A woman has no more sacred possession than her reputation for virtue, and if this priceless asset is attempted to be taken from her by the one upon whom above all others she must rely to preserve it, he could commit no more cruel act. We can conceive of nothing that the husband could do that would more certainly destroy permanently the peace and happiness of his wife, and cer-

tainly nothing else could he do that would more thorough-
ly establish his settled aversion to her. She has the
right to look to her husband not only for protection from
physical violence but also to defend her standing in the
community as a virtuous woman, and when instead of do-
ing so he himself becomes the unauthorized assailant of
her chastity he inflicts wounds upon one whom he sol-
emnly promised to protect and which are more cruel and
excruciating and more destructive in their nature and
effect than any he might produce by corporal punish-
ment. Therefore, when he discards the sacred obliga-
tions which he as husband owes to his wife and assumes
the role of destroyer of her good reputation, he should
not be permitted, when called to an account in the wife's
divorce suit, to be relieved through a construction of the
statute which would confine its terms as including only
his acts of physical violence. We would not be under-
stood as holding that every charge of this nature made by
the husband in a temporary fit of jealousy or made in a
*bona fide* investigation of suspicious conduct on the part
of the wife and without deliberation, and perhaps others,
could be given the force and effect indicated, but we do
mean to say that when such a charge is deliberately,
basely and falsely made, it amounts to such cruelty as is
contemplated by the statute, and authorizes the granting
of a divorce to the wife upon her application. In this
case the fact that the husband made the charge is abund-
antly proven and nowhere denied. Nothing appears in
the record to justify it, and we have no hesitancy in
concluding that the judgment upon this issue of fact is
correct.

Under the (3) contention it is insisted that plain-
tiff is shown to possess property of the value of only
about $1,750.00; that the defendant owns a small moun-
tain farm of the value of about $650.00 and that the al-
lowance of $700.00 as alimony for the benefit of the wife
and two infant children is excessive. Were we to accept
these statements as true, the position of counsel would
perhaps be correct, but our reading of the record con-
vinces us of the incorrectness of the facts assumed. There
was attached in this case about $248.00 which plaintiff had
on deposit in bank. A short while before he had sold a
right of way through the farm upon which he resides,
for which he obtained $700.00, and it is in proof and not
denied that a coal company has an option on the re-

mainder of his land at the price of $3,162.00. He owns another farm in the same neighborhood, but there is no proof as to its value. He also owns some stock and other personal property necessary for the operation of his farm. Two of the four children born of the marriage live with defendant, to whom, and for whose benefit, he has contributed nothing since the separation except about $2.50. It is true that he now has charge of the two younger ones, but it must not be forgotten that it is his primary duty to maintain and support all of his children, as well as his wife.

As stated in the cases of Pemberton v. Pemberton, and Burns v. Burns, *supra,* and cases referred to therein, there is no settled rule for measuring the amount of alimony which should be allowed in cases like this. Each case must be determined upon its own peculiar facts. Here we have the husband owning between $4,000.00 and $5,000.00 worth of property, while the wife owns about $650.00 worth of property, being the amount which she inherited from her mother about the time of the separation. She in many ways assisted her husband to accumulate his property. Many of the cases referred to allow as much as one-third of the husband's property to the wife in the way of permanent alimony, and under the facts of this case and the rules of law governing such matters, we find no room for the contention that either the allowance to the wife or the fee of $100.00 to her attorney was excessive.

Before closing this opinion we feel that we should say something about a question which is neither pleaded nor argued, but which appears in the case. A part of sec. 2120 of the Kentucky Statutes provides that "An action for divorce must be brought within five years next after the doing of the act complained of." This we construe to be purely an act of limitation; and while the grounds for divorce pleaded in the answer occurred more than five years next preceding the time of the filing of that pleading, and perhaps would have barred defendant's cause for divorce upon those grounds if contained in an independent suit, it does not necessarily follow that she is barred from relying upon them as counter grounds for divorce in her answer to a suit filed for that purpose by her husband. Besides, no plea of limitation was interposed, and unless done, the statute can not be taken advantage of. Merritt v. Craven, 168 Ky. 155.

In the case of Brown v. Brown, 172 Ky. 754, it is held that a wife may obtain alimony in a suit brought by her husband upon the sole ground of living apart for five years, provided the separation was not due to any fault on her part. There is no proof that the defendant in this case was in fault. So that in any view which we may take of the case the defendant was entitled to alimony, and the court did not err in making her the allowance.

Wherefore, the judgment is affirmed.