## Wooton v. Wooton.

June 7, 1940.

S. M. Ward, Judge.

A. D. Hall and S. E. Duff for appellant.

M. C. Begley for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Parties to this appeal were married November 5, 1932. On June 4, 1938, appellee instituted suit for divorce, charging that in May, 1933, appellant had abandoned him, and had thereafter refused to share his home. On June 25 he took depositions, at which taking appellant was present pursuant to notice, though she was not represented by counsel.

On August 2, 1938, appellant filed answer and counterclaim, denying the allegations of the petition, and asserting that of the marriage there was born a son, who, at the time of answer, was four years of age. She stated that appellee owned a farm of about 200 acres, with a good dwelling and other buildings thereon, and also owned "lots of live stock." It was stated that he drew $50 a month adjusted compensation; was a good money maker, and a magistrate of Leslie County. She owned no property, but depended on her daily labor for maintenance of herself and the boy.

She asked for the custody of the child and allowance of $50 per month alimony, and $10 per month for support of the boy, and for all proper and equitable relief. This pleading was met with reply, which consisted of denial, and an assertion that the mother was

not capable of giving the child proper care and training; that he was able and willing so to do, and asked that the court order the child into his custody. He asked that her answer and counterclaim be dismissed.

No proof was taken by either party on issues raised by appellant's pleadings, so on September 10, 1938, the cause was submitted on plaintiff's motion, and he was decreed an absolute divorce. Appellant's answer and counterclaim was dismissed, but she was given custody of the child and awarded $6 per month for his support, the court retaining the case on the docket for future orders relating to the infant.

On October 3, 1938, appellant moved the court to set aside so much of the judgment as refused her alimony, on the ground that the pleadings had not been completed for the required time before the commencement of the term, at which the judgment was rendered. On the same day she filed, as she says, "by permission of the court, an amended answer and counterclaim." The record shows that it was filed in the clerk's office out of term time.

In her amendment she adopted the allegation of her original pleading, except she says she had received $25 per month, which the Veteran's Administration had allotted to her out of plaintiff's compensation. She also says she had three children by a former marriage, none old enough to aid her materially in the family support. It appears elsewhere, either in pleading or proof, that appellee was the father of eight children of a former marriage, but five or six of them were of mature age.

She also alleged that through fear of bodily harm at the hands of plaintiff and "his grown-up children," she was compelled to leave the home, which conduct constituted cruel and inhuman treatment on the part of the husband, all without fault on her part. She prays, as in her answer and amended answer, for all proper relief. She did not specifically ask for divorce, or that the divorce judgment be set aside.

Appellant, upon the lodging of her pleading, proceeded to take and file her depositions, and at a later date appellee filed depositions. At a still later date the court pointed out that her answer had never been properly filed, but waiving this omission, sustained appel-

lant's motion and set aside so much of the decree as denied defendant's claim for alimony.

The record does not show that appellant's amended answer was ever filed of record, but appellee apparently waived this oversight, since he replied. In this pleading he denied the answer, and pleaded affirmatively that the abandonment asserted in his original petition, was without justification, and through no fault of plaintiff's, and further that the charge of abandonment, as alleged by defendant (though without foundation) occurred more than five years before she set up her cause, hence same was barred by limitation, Section 2120, Kentucky Statutes, as was the charge of cruel and inhuman treatment.

After proof was taken by both parties, the court found by reference to the record that plaintiff's action for divorce "is based upon the grounds of separation and living apart for five years next before the institution of the action." The court, then taking up appellant's plea for an allowance of alimony, wrote in judgment:

"Abandonment or cruel and inhuman treatment upon the part of the plaintiff, so far as this action is concerned, must be treated as having occurred more than five years before the institution of the action. Defendant could have, within the five years' period, instituted her action for alimony, and since plaintiff has shown a statutory ground for divorce, the court is of the opinion that the claim of the defendant for alimony must be denied."

Her answers were dismissed, the court retaining the case in so far as the infant's care, custody and maintenance is concerned, was left on the docket, with the $6 per month order, and award of custody to the mother left standing, granting the defendant an appeal.

In brief appellee stands upon the court's ruling that appellant's claim for alimony was, as the court below found, barred by limitation, and on the further contention that the evidence does not support appellant's claim of forced abandonment, or cruel and inhuman treatment.

On this point appellee relies on the case of Best v. Best, 218 Ky. 648, 291 S. W. 1032. The plea was mentioned but waived in that opinion, though the court did decide on other grounds that the wife was not entitled to alimony. The question was not directly raised in

Johnson v. Johnson, 183 Ky. 421, 423, 209 S. W. 385, 388. wherein we construed the limitation part of Ky. Statutes, Section 2120, as being an act of limitation, rather than of jurisdiction, and expressed the opinion that while the grounds for divorce, pleaded in the answer, occurred more than five years preceding the time of filing, such fact "perhaps would have barred defendant's cause * * *, if contained in an independent suit." It was suggested that it did not necessarily follow that the wife was barred from relying upon her claim as counter-grounds for divorce. "Besides, no plea of limitation was interposed, and, unless done, the statute cannot be taken advantage of." Merritt v. Cravens, 168 Ky. 155, 181 S. W. 970, L. R. A. 1917F, 935.

Here, the wife was not seeking a divorce, sl was only asking for support for herself and her infant child, a matter perhaps not considered by the court in dismissing her claim, solely on the grounds that the statute of limitations barred her from maintaining such claim.

Appellant in turn argues that a wife is not required to plead or prove a cause of divorce, to entitle her to alimony, and that no matter how reprehensible the conduct of the party, she is entitled to divorce under the five years statute, under proper showing. Both statements are rather broad; the first is to some extent borne out by Williamson v. Williamson, 183 Ky. 435, 436, 209 S. W. 503, 3 A. L. R. 799, though it was held therein that to entitle the wife to alimony it was only necessary to show, by proof, that the abandonment on the part of the husband was without fault on her part.

In this case the wife's claim to alimony was not barred. Her right to maintain an action for support of herself and infant, whether such right had theretofore accrued, existed when her husband sought a divorce. In Lacey v. Lacey, 95 Ky. 110, 23 S. W. 673, 15 Ky. Law Rep. 439, cited by appellant, it was held that the statute does not deprive the wife of alimony, if otherwise entitled to it, "simply because she may not have instituted the suit for divorce. It was intended to apply in all cases where the separation occurs without her fault, and embraces cases where she is entitled to obtain a divorce, though the husband is seeking it."

While the court was in error in upholding the plea of limitation, it correctly dismissed appellant's answer

in so far as her individual claim was concerned. This court has the power to review the testimony, and uphold or reverse the chancellor's finding with regard to allowance or disallowance of support or maintenance for the wife or an infant. In the instant case, upon review of the testimony, we are unable to say that the chancellor was in error in dismissing the claim of the wife for alimony. There is not such a showing upon the part of the appellant as would, in our opinion, entitle her to divorce were she asking such relief. The weight of the testimony goes to show that she was as much, if not more in fault when the separation occurred. The whole matter appears to have been trivial; most of the testimony, in so far as it relates to any ill treatment fails to support her charges.

One thing is certain, that in all events, the allowance for support of the child should be increased from the small sum of $6 per month. The welfare of the child seems to have been entirely overlooked. While the father expressed (in pleading) his desire to have its custody and his willingness and ability to provide, he makes no complaint of the court's action in passing him on to the mother.

The proof of neither party is full or clear as to the ability of the father to pay. It does appear that he has well cared for his other eight children, giving most of them a fair education. We can see no reason why he should do less for the infant, who is in no wise responsible for the unfortunate state of affairs existing between its parents. The case is always open for the purpose of having the court look to the interest and welfare of children placed in a position such as this boy is. He will soon be of school age, and under the facts as adduced it would be placing too much of a burden on the mother to require her, by her own labor, to maintain and educate the child.

The court is directed to enter judgment requiring appellee to pay the sum of $20 per month for the support and maintenance of the infant, subject to change as circumstances may later justify. With this modification thereof the judgment is affirmed.