## Fitzgerald v. Fitzgerald et al.

Oct. 18, 1940.

138

G. A. Peterson for petitioners.

William T. Smith for respondents.

Opinion by Judge Thomas—Sustaining petition.

This is an original action filed in this court by petitioner, Constance Emily Fitzgerald, against her husband, John P. Fitzgerald (an unnecessary party), and Hon. Harvey Parker, Jr., Judge of the Greenup circuit court, seeking to obtain relief against certain orders made by respondent, Harvey Parker, Jr., as Judge of the Greenup circuit court in the divorce action of the husband against the wife pending in that court. The petition filed here by respondent charges that she now resides, and at the time of the transactions here involved resided, in Vienna, Illinois, with three infant children, and that her husband resided in Russell, Kentucky, which is in Greenup County; that they were married in 1909 and on January 31, 1940, her husband filed against her in the Greenup circuit court an action whereby he sought a divorce from her. She resisted the relief sought by that action by denying the material allegations of her husband's petition and sought alimony pendente lite for herself and proper allowances for their infant children. While the motion for that purpose was pending she took, upon five days notice to her husband, the depositions of herself and other witnesses in Vienna, Illinois, which were duly certified and mailed to the Greenup circuit court clerk; that counsel for her husband then entered motion that her depositions be not filed, but that if filed that they be quashed, upon the ground—as alleged in the petition of respondent filed in this court—that theretofore the Greenup circuit court had spread on its docket a rule to the effect that divorce cases in that court should be heard by oral proof given in court and transcribed by a stenographer, as is the practice in ordinary actions where the aid of a stenographer is requested, provided, however, the court might order otherwise upon application for that purpose by

the one desiring to take the deposition. A copy of that rule is filed with respondent's petition.

Petitioner prayed in her petition here for an order from this court directing the respondent, Parker, to set aside any order made by him—either refusing the filing of her depositions taken at Vienna, Illinois, or in quashing them—and to permit them to be filed and considered so far as competency was concerned on the trial of, not only her motion for alimony, but on the material issues made by the pleadings in the divorce action. The prayer of her petition also seeks other relief from this court by directing respondent to award temporary alimony as prayed for in petitioner's answer in the divorce action, but which is beyond the authority of this court to grant, since the questions involved on that issue may be reviewed by this court on appeal and for which reason they may not be considered or determined in this original application, and which has been so determined in numerous prior opinions from this court and collated in the notes to Section 110 of our Constitution, as contained in Baldwin's 1936 Revision of Carroll's Kentucky Statutes.

During the pendency of this action, and during the summer vacation of this court in 1940, a motion was made before a member of this court for a temporary writ of prohibition, or a mandatory order preventing respondent, Parker, from entering a final judgment in the divorce action until the matters involved in this original proceeding might be finally determined by this court. That motion was sustained, and respondent's demurrer filed to the petition in this court insofar as it sought to prevent him from quashing or refusing to file petitioner's depositions taken at Vienna, Illinois, was temporarily overruled and in that order he was given until September 30, 1940, to respond to petitioner's pleading in this court. He has done so, and the only issue cognizable by this court in this character of action (i. e., the right of respondent, Parker, to refuse to file or to quash petitioner's depositions taken at Vienna, Illinois) he attempts to justify upon the two grounds, (a) the prior general rule supra made by respondent Parker in his court, and (b) that the requisite notice to take the depositions at Vienna, Illinois, was not given, although it is admitted that five days notice was given, and which we think is sufficient under the applicable provisions of

the Code. For that reason the defense contained in subdivision (b) must be held to be without merit, and it is overruled.

Defense (a) is likewise unsustainable. Subsection 1 of Section 552 of our Civil Code of Practice expressly provides that depositions "may be used upon the trial of any issue of fact in an equitable action," &c., while subdivision 2 of that section prescribes, in substance, that—subject to certain enumerated provisions which do not appear in this case—"proof shall be taken by depositions or exhibits" but with the qualification "that the court may in any equitable action before the proof has been taken order that the evidence be heard by the judge in the same manner as testimony is introduced in ordinary actions." Section 554 of the same Code prescribes that "a deposition may be read upon the trial of an issue in *any* action, if, at the time of the trial, the witness reside twenty miles or more from the place where the court sits in which the action is pending; or be absent from this State," &c. (Our emphasis.) The latter portion of the section prescribes other classes of witnesses whose depositions may be taken, but who might be forced to attend the trial in person and give their testimony orally before the court in prescribed situations. Section 564 of the same Code makes provision for the taking of depositions out of the state and designates the persons or officials before whom they should be taken, among which are "a judge of a court, a justice of the peace, mayor of a city, or notary public."

It is not shown that the taking of the depositions by petitioner at Vienna, Illinois, was not before any of such prescribed officers, and the section (564) would seem also to require that non-resident witnesses may give their testimony by depositions in any event, since a domestic court possesses no means by which the forced attendance in court of a non-resident witness may be made. It will, therefore, be seen that the general order, supra, made by respondent, Parker, with reference to the introduction of proof in equity cases, is in conflict with the various provisions of the sections of our Civil Code of Practice to which we have referred, in that it attempts the exercise of an unwarranted authority to prescribe that all testimony in equity actions shall be heard orally before the court, unless respondent, in the exercise of his discretion, should determine otherwise upon

proper motion made therefor, by the litigant offering the proof. The effect of that contention is to admit the right and authority of the respondent, Parker, as judge of the Greenup circuit court, to repeal the legislatively enacted and prescribed rules as contained in the sections of the Code supra and to substitute therefor provisions of his own manufacture and that, too, notwithstanding the witnesses whose testimony is desired are entirely beyond the jurisdiction of the court and with no power or authority in it to force their personal attendance in court. We, therefore, conclude that the sweeping effect of the court's general order relied on in defense (a), supra, can not be sustained, although a circuit court no doubt may adopt such an order consistent with the Code provisions, and which would permit the promulgation of a rule requiring personal attendance of witnesses in equity actions the same as may be done in the trial of ordinary actions, but not otherwise.

Ordinarily the rulings of the respondent, Parker, here involved, would be treated, as interlocutory and not reviewable by this court in this original action. However, the order quashing the depositions of respondent, or the one refusing their filing, would deprive her of her proof in the divorce action, and its merits disposed of without any testimony from her on the issues made by her pleadings. Such a judgment (granting a divorce) is non-reviewable by this court, and if the trial should so result, then respondent might sustain irreparable damage without any adequate remedy, by appeal or otherwise. We, therefore, conclude that we have jurisdiction to review the question raised by respondent's petition relative to the orders of respondent quashing or refusing to file petitioner's depositions in the divorce action. Upon that phase of the case we are convinced that no showing has been made why petitioner's depositions should not be filed and considered upon the final determination of the cause.

Wherefore, respondent, Parker, is ordered and directed to set aside all orders heretofore made, if any—either refusing respondent's depositions to be filed or quashing them after they were filed—and to proceed with the trial of the cause with such proof in the case. The petitioner will recover her costs against respondents in this court.