## Fitzgerald v. Fitzgerald.

Feb. 11, 1941.

G. A. Peterson for appellant.

William T. Smith for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

John Fitzgerald instituted this action in January, 1940, to obtain an absolute divorce from his wife upon the ground of abandonment. She and the children of the parties, three of whom were under 16 years of age at the time this action was instituted, had been living in Illinois for several years. In March, Mrs. Fitzgerald filed an affidavit in which she set forth that she had the custody of the children; that she had no means of supporting them and herself; and that the appellee was not contributing to their support and that he was regularly employed, earning about $200 a month. She asked that she be allowed maintenance for herself and the infant children during the pendency of the proceeding and for a reasonable allowance with which to prepare her defense. A motion was made for the relief sought, and,

after a hearing, it was refused. At the time she filed the aforementioned motion Mrs. Fitzgerald filed an answer in the divorce proceeding denying the allegations made by the appellee. She filed depositions taken in Illinois. The court quashed the depositions on the grounds that due notice was not given for their taking, and the taking thereof was not in compliance with a rule of the Greenup circuit court requiring that such depositions be taken before the court unless permission be given to take them otherwise. In an original proceeding in this Court, Fitzgerald v. Fitzgerald, 284 Ky. 137, 143 S. W. (2d) 1082, we held that the judge of the Greenup circuit court should set aside all orders theretofore made either refusing to permit Mrs. Fitzgerald to file her depositions, or in quashing them after they were filed, and to proceed with the trial of the cause with such proof in the case. The appellee filed his depositions on November 30th, and on December 12th judgment was entered granting him an absolute divorce.

The judgment set forth that Mrs. Fitzgerald have custody of the children; Julia, age 16; James Patrick, age 14; Constance, age 11; and Jerry, age 8; and that she be awarded the sum of $40 a month for the maintenance of the children. There is this further provision in the judgment:

"Plaintiff will pay all costs, including attorney fee of Forty ($40.00) Dollars for G. A. Peterson, Defendant's attorney. When boy, James Patrick, now fourteen years of age, becomes sixteen, the allowance shall be reduced to Twenty-Five ($25.00) Dollars per month, and shall terminate entirely when youngest child becomes sixteen years old. When Constance becomes sixteen years old the allowance shall be reduced to Fifteen ($15.00) Dollars per month. The court reserves the right to modify or increase the allowance as circumstances may warrant in change of conditions of the parties."

Mrs. Fitzgerald insists that the trial judge abused his discretion in refusing to grant her maintenance for herself and the infant children during the pendency of the divorce proceeding; that the allowance made for the children was insufficient; and that the fee allowed for her attorney was insufficient.

There is proof that the appellee had been contributing something toward the support of his wife and children up until the latter part of 1939. He was regularly employed and made from $180 to $190 a month. Had we been sitting in the place of the trial judge on the hearing of the motion for an allowance for maintenance of Mrs. Fitzgerald and the children pending the divorce proceeding, we would have made an allowance therefor. However, we are not prepared to say that the trial judge abused the discretion given him under Section 2121 of the Statutes. The children were provided for in some manner during that period. We are taking this situation into consideration, however, in directing an allowance of $60 a month for the support of the children from the time of the entry of the judgment being appealed from.

It is our further opinion that there is no basis in the record for the action of the trial judge in directing that the maintenance for the children be reduced when one of them becomes 16 years of age. This, in effect, means that no allowance is to be made for a child after it reaches that age. While the judgment indicates that the trial judge reserves the right to modify or increase the allowance as circumstances may warrant, as provided in Section 2123 of the Statutes, we think that the question of the termination of the allowance for each child upon its becoming 16 years of age should be considered at that time. This may be done as provided in the section of the Statutes just mentioned. Braden v. Braden, 280 Ky. 563, 133 S. W. (2d) 902. On the basis of the record before us an allowance of $60 a month for the support of the children is not considered a large one. The appellee is not required to pay anything for the support of his wife. Sixty dollars is less than one-third of the father's monthly income as shown by the record. There can be little ground for the contention that an allowance of $15 per month is a large one for a child of school age.

It is with some reluctance that we interfere with the discretion exercised by a trial judge in the allowance of an attorney's fee in a divorce proceeding. We have approved allowances far in excess of $40 and allowances of less than that amount under certain circumstances. See Braden v. Braden, supra. It is our view in this case, however, even though the record be a small

one, that the circumstances heretofore mentioned, which circumstances show that this litigation was in progress a good part of 1940, are such that the $40 allowed for Mrs. Fitzgerald's attorney's fee was too low. It is our view that an allowance of $75 should have been made for her attorney and we so direct.

Wherefore, the judgment, aside from the granting of the divorce to the appellee, is reversed with directions to set it aside and for the entry of a judgment in conformity with this opinion