## Sandlin v. Sandlin.

Jan. 27, 1942.

A. D. Hall for appellant.

Roy W. House for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSION-ER—Reversing.

Appellant, defendant below, and appellee, plaintiff below, were married on the 5th day of November, 1931, and lived together until the 9th day of December, 1932. At the time of their marriage defendant was 14 years of age. In March, 1933, plaintiff instituted a suit for divorce in which he accused defendant of infidelity. On submission of that case, the court, refusing to grant him a divorce, dismissed the petition.

In this suit, instituted on April 13, 1938, plaintiff prayed judgment of divorce on the ground that the parties had lived separate and apart for a period of time in excess of 5 years. Defendant answered, admitting the separation, but alleging that she was not at fault and counterclaimed on the ground that plaintiff had abandoned her on the 9th day of December, 1932, and alleged further facts constituting cruel and inhuman treatment. She asked that plaintiff's petition be dismissed and that she be granted a divorce and award of alimony for herself and maintenance for their infant child. On the trial, defendant introduced evidence substantiating the fact that she was not at fault in the separation and that plaintiff had been guilty of inexcusably cruel and inhuman conduct toward her. This evidence was not contradicted. The chancellor granted plaintiff a divorce on the proof of 5 years separation, denied defendant's prayer for divorce and alimony, but decreed that plaintiff should be required to pay defendant the sum of $15 per month for maintenance of their child until he shall have arrived at the age of 16 years. The defendant has appealed from

that judgment in so far as it failed to award her alimony and in that the maintenance for the infant child was adjudged to terminate when he arrived at the age of 16 years.

Although it does not appear in the record, we assume that the court in refusing alimony in the case was under the impression that, where a husband is granted a divorce under the allegation and proof of 5 years separation, the wife may not show circumstances attendant upon the separation which would entitle her to alimony. But such is not the law of this jurisdiction. Although, under Section 2117 of the Statutes, a husband is entitled to a judgment for divorce upon showing that he and his wife have lived apart for a period of 5 years, such right does not relieve him of the obligation of supporting his wife and child, and the wife's claim to alimony is not barred by her failure to institute suit for divorce on the ground of abandonment or cruel and inhuman treatment within the time allowed by statute. She may assert her right to alimony upon such grounds by way of counter-claim in an action for divorce by the husband, provided she shows that her conduct was not responsible for the separation. Johnson v. Johnson, 183 Ky. 421, 209 S. W. 385; Brown v. Brown, 172 Ky. 754, 189 S. W. 921; Wooton v. Wooton, 283 Ky. 422, 141 S. W. (2d) 561. The evidence in this case not only shows that plaintiff cruelly whipped defendant on many occasions before their separation, but, after their separation, he accused her of infidelity which charge he was unable to sustain in the trial of his former action for divorce. Such charge without justification is in itself cruel and inhuman treatment. Jones v. Jones, 205 Ky. 538, 266 S. W. 48, and cases therein cited. Plaintiff did not introduce any evidence in denial of any of the charges made and testified to by defendant. It is shown by the evidence that he receives a pension of $60 per month from the United States government. The record before us clearly shows defendant to be entitled to alimony and the chancellor was in error in failing to make the award, which under present conditions we believe should be in the amount of $10 per month. While that amount would seem to be small, when it is added to the amount allowed for the child's maintenance, we believe it to be all that plaintiff's income will justify at this time. Adjustments in the award for alimony may be made from time to time to meet changed conditions of the parties. Walden v. Walden, 250 Ky.

379, 63 S. W. (2d) 290; and the judgment herein should recite that the case will remain on the docket for that purpose. Boehmer v. Boehmer, 259 Ky. 69, 82 S. W. (2d) 199.

Defendant further complains that there was no basis for the action of the chancellor in directing that maintenance for the infant child should terminate when he becomes 16 years of age and with this contention we agree. Under Section 2123 of the Statutes the court has control of its judgment in respect to maintenance, and has the authority to increase, decrease, or terminate the allowance therefor at any time pending or after the granting of the divorce. Under ordinary circumstances the father's responsibility for the maintenance of his child continues until the child becomes 21 years of age, and, while conditions may justify a court of equity in relieving the father of this responsibility after the child has arrived at a certain age under conditions then existing, there is nothing in this record which indicates that when the child becomes 16 years of age the conditions governing a decision as to maintenance will be different from those existing at the present time. It was therefore improper for the chancellor to decide so far in advance that the maintenance should be stopped when the child arrives at the age of 16. This question should be determined upon a hearing at that time. Fitzgerald v. Fitzgerald, 285 Ky. 404, 148 S. W. (2d) 286.

Further complaint is made that the attorney fee allowed defendant was inadequate to compensate the attorney for the services rendered. The amount allowed was $25 and while such a fee may be considered to be low under ordinary circumstances, we must keep in mind the financial condition of the plaintiff. The amount of work required in this case was no more than the minimum required in any divorce suit. The attorney filed an answer and counterclaim. He attended the taking of depositions, but was not required to interrogate any witnesses upon cross examination (and commendably refrained from doing so). The deposition of defendant alone was taken and filed. That deposition consisted of 25 questions and answers. Under these circumstances we are of the opinion that the allowance made by the chancellor should not be disturbed.

Wherefore, the judgment is reversed with directions that another be entered in conformity with this opinion.