# Vissman v. Vissman.

June 25, 1943.

Frank A. Ropke and Thomas A. Ballantine for appellant.

Burke & Lawton for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This appeal involves the question of alimony in a divorce proceeding.

The appellant, John C. Vissman, and the appellee, Elizabeth C. Vissman, were married April 20, 1929. He was then 42 and she was 31 years of age. They were separated in November, 1933, for a period of three months, and the final separation occurred in May, 1934. Appellant voluntarily paid to appellee $40 a month for a period of five years then ceased making payments, and on August 31, 1939, instituted an action against his wife for divorce on the sole ground of five years' separation without cohabitation. In an answer and counterclaim the defendant sought a divorce from the plaintiff on the grounds of cruel and inhuman treatment, abandonment for more than one year, and five years' separation without cohabitation. A judgment divorcing the parties was entered, and the appellee was allowed alimony in the sum of $10,000, payable $2,500 at once and $7,500 in equal monthly installments of $125 each for a period of sixty months. The plaintiff has appealed from that part of the judgment granting alimony, and the defendant has cross-appealed.

The transcript of the evidence consists of 358 typewritten pages, and 252 of these are devoted to the testimony of the two principals. The testimony of the other witnesses throws no light on the real issue; that is, whose fault brought about the separation. Appellant

admits that he left the apartment where they were living in May, 1934, and told his wife he would not return. He described a number of trivial incidents, intended to justify his action, but the substance of his testimony is that Mrs. Vissman was a nagging wife. She denied this, and testified that appellant was consistently discourteous and indifferent. Appellant refused to employ a servant, and during the five-year period before the separation Mrs. Vissman cooked and did all of the housework. He made her an allowance of $10 a week, but out of this she bought the groceries. The facts related by appellant did not justify his action in leaving his wife, and we think she showed that her conduct was not responsible for the separation. Consequently, her right to alimony was not forfeited. Sandlin v. Sandlin, 289 Ky. 290, 158 S. W. (2d) 635.

Appellant, an officer of C. F. Vissman & Company, a family-owned corporation, receives an annual salary of $3,600, and, in addition, has an income of $1,000 from investments. He owns intangible personal property consisting of stocks, bonds, and notes worth about $21,000, and an undivided interest in real estate worth approximately $7,000. He also owns 720 shares of stock of C. F. Vissman & Company. The stock of this company consists of 3,460 shares of the par value of $100 each, and the entire capital stock is owned by appellant, his three brothers and sister. The stock is not listed on any exchange, and there have been no sales for many years. Appellant claims the stock is worthless, since the corporation, a meat packing concern, operated at a loss for many years during the depression and has paid only one dividend during the last twenty years. William H. Hartman, a certified public accountant, made an audit for C. F. Vissman & Company for the year ending November 2, 1940. He testified that the book value of the stock, with a tax claim of $46,000 of the Federal Government eliminated, was $98.09 a share. Assuming that the tax claim is valid, the book value of the stock is about $85 a share. The four Vissman brothers receive annually salaries amounting in all to $18,000. The net profits of the company for the year 1938 were $2,935.43; for the year 1939 they were $7,250.19; and for the year 1940 there was a loss of $13,690.30. The witness testified in November, 1941, while he was making an audit of the company for its fiscal year ending November 2, 1941. He said the audit had been practically completed and

would show a profit of about $14,000 for the year. C. F. Vissman & Company is a going concern, does a large business, and at the time proof was taken was showing a large earning capacity. Obviously its stock has substantial value. Under the circumstances, we think the chancellor's allowance of alimony is fair and equitable.

The judgment is affirmed both on the appeal and cross-appeal.