Mary Elizabeth Graves **CLARK**, Appellant,

v.

Sterling E. **GRAVES**, Appellee.

Court of Appeals of Kentucky.

May 27, 1955.

Rehearing Denied Oct. 14, 1955.

Joseph S. Freeland, Paducah, for appellant.

Andrew J. Palmer, Paducah, for appellee.

SIMS, Judge.

This is a motion for an appeal from a judgment relieving a divorced father from the support of his 18 year old son.

The trial judge found as a fact that the son was 18 years of age, which was not disputed, and further found the boy was self-supporting and then concluded as a matter of law the father should be relieved of an agreed judgment entered two years previously that he should pay the divorced mother $50 per month for the support of the son.

It will be of help in reaching a solution of this case to give briefly the factual background of the parties and their son. Mr. and Mrs. Graves were married in 1934, and their son, John William Graves, was born October 17, 1935. In 1941, the mother secured a divorce from the father on the ground of abandonment and was given custody of the boy, who was then 6 years old. No alimony was awarded her nor was any allowance made for the child, we suppose because the father was proceeded against as a non-resident.

Each party subsequently remarried but the record does not show the date of their respective remarriages. The mother filed a motion that the father be made to contribute to his son's support and on April 13, 1948, an order was made that beginning on May 10th the father pay $25 per month for the support of his son, and the case was continued on the docket of the Mc-Cracken Circuit Court for further orders pertaining to the custody and support of the child. On December 1, 1950, the mother filed a petition stating the father had inherited $10,000, owned a Mercury automobile worth $2,500, had been the recipient of an allowance of $30 per month paid him under a "Veterans' Educational Program" for the boy, and the husband was then earning $100 per week. An agreed judgment was entered on February 11, 1952, ordering the father to pay $50 a month for the support of the boy from February, 1952, until further ordered.

On September 1, 1953, the father filed a petition averring that his son would be 18 years of age on October 17, 1953; that conditions had changed since the agreed allowance of $50 per month was made and the boy was then regularly employed and an order should be made reducing the payments to $25 per month. The mother answered the father's petition averring his income had increased; that their son had won a scholarship to Notre Dame University and it will be necessary for him to continue to receive the allowance from his father in order to continue his education.

Proof was taken by depositions and it was shown the father's "take home pay" was about $420 per month. It was not shown that he and his present wife have any children or other dependents. Mr. Graves testified he applied his inheritance (the amount of it not being stated by him) on the purchase of a home upon which he is still paying at the rate of $60 per month; that the expense on his automobile, which he used in riding to work, was $40 per month; that he had a hospital bill upon which he still owes of about $160 and he needs a hemorrhoid operation for which he says he has no money to pay. He lists certain incidental expenses, such as union dues of $48 per year, church dues of $20 per month, and other items, and says his total monthly expenses are $314 not including his groceries. He further testified work was slowing up in the Paducah area and he feared it would not be long before his job ended. He also stated his son earned $36.94 a week during the summer in the Riverside Hospital when not in school.

It is stated in the mother's brief that John William graduated from high school with the highest grade of any boy in his class and had been awarded a 4-year scholarship in Notre Dame worth $750 per year. She says the boy wants to become a doctor and is taking a pre-medical course, which costs $1,500 per year and it is necessary for his father to contribute $50 per month if their son is to get an education.

The father insists he is not able to and he should not be required to give his son a college education.

On the record before us it is not shown the father contributed anything toward his

son's support from the time he abandoned his wife in 1938 until May 10, 1948, when he paid $25 per month until February 11, 1952, at which time the allowance was increased to $50 per month which we presume was paid until February 1954, when the court adjudged the father should not be required to contribute further to his son's support. As we calculate the payments made by the father, he paid $25 per month for two years and nine months, or $825, and $50 per month for two years, or $1,200, making a total of $2,025 in fourteen years since he abandoned the boy and his mother in 1938, which amounts to an average of about $144 a year, or $12 per month. So it can hardly be said the boy has been a financial drain upon his father.

We do not understand why the trial judge held the father should not be required to make any contribution toward the son's support when the petition of the father asked that the amount be reduced from $50 to $25 per month.

The father is correct in contending the law does not require him to give his son a college education. Ordinarily, a father is responsible for support until the child becomes 21 years of age, although conditions may justify a court in relieving the father of such responsibility before the child reaches majority. If a court is to relieve a father of the responsibility of supporting his child before the child reaches the age of 21 years, the question should be determined upon a hearing at the time instead of arbitrarily setting the time far in advance. Fitzgerald v. Fitzgerald, 285 Ky. 404, 148 S.W.2d 286;

Sandlin v. Sandlin, 289 Ky. 290, 158 S.W.2d 635; Whitaker v. Whitaker, 298 Ky. 590, 183 S.W.2d 623. The rule seems to be that in the absence of a statute a parent is not liable for support of an adult child unless the child is incapable of self-support at the time of reaching his majority. This rule is not qualified by the requirement that the child be a member of and reside in the father's household. Williams v. West, Ky., 258 S.W.2d 468, and the several authorities cited on page 473. Also, see KRS 405.020(2). Thus appellee may find some comfort in the fact that he will not have to contribute to the support of his son after John William has reached 21 years of age, unless the boy becomes so afflicted as to be unable to support himself.

We conclude the trial judge's finding that "John William has reached the age where he can be self-supporting" is clearly erroneous under the facts shown in this record, since he is in school on a scholarship which pays only one-half of his expenses. Also, the trial judge's conclusion of law that the father should be released from the judgment wherein he agreed to contribute $50 toward the support of the son, which the father asked only to be cut in half, is erroneous. The record clearly shows no change of conditions on the part of either the father or the son which justified the trial court in relieving the father of contributing $50 a month toward the support of his son.

The motion for an appeal is granted and the judgment is reversed with directions that one be entered in conformity with this opinion.