**Noreda W. CONLEY, Petitioner,**

**v.**

**B. Robert STIVERS, Judge Laurel Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

Judge Stivers is being supported in the primary race, in which he is a candidate for circuit judge, by the defendant in this action, her husband, Wesley Conley; that the said support is generous and is of sufficient extent to prejudice the judge in favor of the defendant, Wesley Conley." Judge Stivers overruled the motion to vacate and Mrs. Conley brought this original action against Judge Stivers seeking a writ of prohibition.

A temporary order of prohibition was issued on June 11, 1969. On June 27, 1969, a permanent writ of prohibition was granted by order with opinion to follow. Judge Stivers then filed a motion to reconsider, which has been overruled.

Ordinarily, a writ of prohibition will not lie where a judge declines to vacate the bench, for any error can be corrected on appeal. However, in a divorce case the rule is different. For once the divorce is granted, it is final and cannot be appealed. Mrs. Conley first filed a complaint seeking a divorce, and her husband counterclaimed also seeking a divorce. The trial judge has dismissed Mrs. Conley's complaint but her husband's counterclaim stands. It is clear here that an irreparable wrong could result if her husband is wrongfully granted a divorce. Under these circumstances a writ of prohibition will lie. Fitzgerald v. Fitzgerald, 284 Ky. 137, 143 S.W.2d 1082 (1940).

Respondent argues that Mrs. Conley's motion to vacate was brought too late. This would normally be true. A motion to vacate must be brought at the commencement of the action, if the party were aware of the grounds alleged at that time. Here, however, Mrs. Conley's affidavit stated that she had just learned of the facts showing prejudice. Therefore, her motion was timely made.

On his motion to reconsider before this court, Judge Stivers filed his affidavit stating that he had not received any money from Mrs. Conley's husband. Such a re-

William McCann, Brown, Sledd & McCann, Lexington, for petitioner.

Joe Roberts, Robert L. Milby, London, for respondent.

OSBORNE, Judge.

Noreda Conley, who is the plaintiff in a divorce action which was pending in the Laurel Circuit Court before the Honorable B. Robert Stivers, Judge, filed a motion to require Judge Stivers to vacate the bench. The motion was accompanied by the affidavit of Mrs. Conley in which she stated that "she has just learned that the said

sponse is irrelevant because of our holdings, " * * * that all facts stated in an affidavit must be considered as true for the purpose of a motion to vacate the bench." Johnson v. Ducobu, Ky., 258 S.W.2d 509 (1953). Once an affidavit containing " * * * facts which necessarily show prejudice or bias sufficient to prevent the judge from fairly or impartially trying the case" has been timely filed, the judge must vacate even if he considers the allegations false. Johnson v. Ducobu, supra, and Foster v. Commonwealth, Ky., 348 S.W.2d 759 (1961).

Prohibition granted.

All concur.